| 3L | 57 |
| 45 | 350 |

## WILLIAMS vs. BARROW.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

Attachment bonds must be taken for a sum exceeding by one-half in amount, the sum claimed by the attaching creditor.    If taken for a less sum, the attachment will be dismissed and judgment of non suit given for the absent defendant.

There is an error in translating the article 245 of the Code of Practice, from the French into English, where it says that attachment bonds must be given "for a sum exceeding one-half of the sum claimed," &c.; the true construction requires it to exceed by one-half the amount claimed in the petition.

*Winn,* for the defendant, moved to dismiss this case on the ground that the attachment bond was insufficient.    The bond executed by the attaching creditor is for five hundred dollars, the sum claimed in the petition.    It should exceed it by one-half of the sum claimed.

2. The appellant relied on his bill of exceptions to the decision of the judge *a quo* overruling his motion to dismiss the attachment, by reason of the insufficiency of the attachment bond, and cited *Code of Practice,* art. 575.    1 *Martin's Digest,* 518.    *Pargoud* vs. *Ross,* 2 *Louisiana Reports.*    4 *Martin, N. S.* 430.

8

*Porter, J.* delivered the opinion of the court. This cause commenced by attachment. The sum claimed in the petition is five hundred dollars, and the plaintiff on suing out the writ, gave bond to secure the absent debtor in the same sum, viz. five hundred dollars.

A motion was made by the attorneys appointed to defend the suit, to dismiss the attachment on several grounds. One of them was, that the bond was not given for a sufficient amount. The court overruled the exception.

The correctness of the decision of the judge *a quo*, depends on the interpretation of the 245th article of the Code of Practice. In the English text the words are, "that the creditor or his agent," &c. "must annex to his petition his obligation in favor of the defendant for a sum exceeding one-half that which he claims." In the French text the article runs thus: "*Doit en outre joindre à sa petition son obligation en faveur du defendeur, de la moitie en sus de la somme, par lui demandée.*"

One of the most important duties which courts of justice have to perform, and certainly not the least embarrassing, is to arrive at a correct knowledge of the will of the legislator. To the difficulties intrinsic to the subject in all countries, there is added here, one very peculiar to Louisiana. A great portion of our law, particularly our codes, have been written in the French language, and badly translated into English; and that translation by the provisions of the constitution is of greater force than the original. We have heretofore resorted for assistance to the French in all cases when there was obscurity or ambiguity in the English text. Indeed many parts of the Code of Practice would be unintelligible without such aid. That now under consideration is very obscure. A sum exceeding one-half of the sum claimed, cannot perhaps, in fairness be understood to be only one-half of that sum. In the case of *Ross* vs. *Pargoud*, we decided at the October term of last year, that the law respecting appeal bonds, which is *verbatim* that in regard to obligations to be furnished by the attaching creditor, meant the sum recovered and one-half more. We believe that case to be correctly decided, and this

Attachment bonds must be taken for a sum exceeding by one half in amount, the sum claimed by the attaching creditor. If taken for a less sum, the attachment will be dismissed and judgment of non suit given for the absent defendant.

There is an error in translating the article 245 of the Code of Practice, from the French into English, where it says that attachment bonds must be given "for a sum exceeding one-half of the sum claimed," &c.; the true construction requires it to exceed by one-half the amount claimed in the petition.

cannot be distinguished from it.   Our previous litigation
required security in double the amount sworn to.   Its object,
and the object of all such laws, is to secure the absentee from
all damages he may sustain by illegal seizure of his property.
An interpretation such as the plaintiff contends for, would in
many instances defeat the purpose of the legislature.  Damage
is sometimes sustained by the debtor to the whole amount of
the sum claimed from him, and a bond to half that amount
would only be half security.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be reversed : And it is further
ordered, that there be judgment for the defendant as in case
of a non suit, with costs in both cases.