Putnam v. The Grand Gulf Rail Road and Banking Company.

ALBIGENCE WALDO PUTNAM *v.* THE PRESIDENT AND DIRECTORS OF THE GRAND GULF RAIL ROAD AND BANKING COMPANY.

The formalities prescribed by art 254 of the Code of Practice, which requires where the defendant has no known place of residence, or conceals his person, or is absent, or resides out of the State, that the sheriff shall serve the attachment and citation, by affixing copies thereof to the door of the parish church of the place, or to that of the room where the court in which the suit is pending is held, stand in the place of citation, and form the basis on which all subsequent proceedings must rest, and their omission will be fatal. Service of citation on the defendant, is the first step to be taken.

The remedy by attachment is a harsh one, and those who resort to it, must comply strictly with the requisites of the law.

APPEAL from the District Court of Madison, *Curry,* J.

*Dunlap,* for the appellant.

*Stacy,* for the defendants.

MORPHY, J.   This is an appeal from a judgment dismissing proceedings instituted under our attachment laws.   The suit was brought, and an order granting an attachment obtained, on the 4th of February, 1842 ; several persons were made garnishees, and regularly cited at different times.   The sheriff annexed to the return he made on the 7th of February, a list of the effects attached, but failed to serve the attachment and citation on the defendants, who are non-residents, by affixing copies of the same on the door of the parish church, or that of the room where the court in which the suit was pending is held.   On the third of May following, the plaintiff took a judgment by default ; whereupon the court, on the same day, appointed an attorney at law to represent the absent defendants.   The attorney moved for the dissolution of the attachment, on the ground that all the proceedings in the case were null and void, no legal citation having been served, as required by law.   The judge, in our opinion, properly sustained the motion. We have repeatedly held that the formalities prescribed by article 254 of the Code of Practice, stand in place of a citation, and that they form the basis on which all the subsequent proceedings in the cause must rest ; the omission of them must, therefore, be fatal. Code of Prac. 206.   10 Mart. 472.   7 Mart. N. S. 160.   8 Ib. N. S. 351.   8 La. 587.   3 Ib. 18.   A service was attempted to be

made on the 6th of May, of the writ which was issued in February, long after it had been returned into the clerk's office, and after the motion to dismiss the proceedings had been made. This could not, in our opinion, cure the radical defect, which rendered null and void all that had been done in the suit, after the filing of the petition. The first step to be taken was to serve process of citation on the defendants, in the manner required by law. Code of Prac. arts. 254, 256. As to the motion of the plaintiff to annul the appointment of the attorney to represent the absent defendants, as prematurely made, we think that when the plaintiff had proceeded to take a judgment by default, it was high time that the former should have been provided with counsel, pursuant to article 260 of the Code of Practice. We are by no means disposed to relax any thing of the strictness and rigor with which we have heretofore construed our attachment laws. The remedy they provide is, in itself, a harsh and extraordinary one, and those who resort to it have no right to complain, if they are held to a strict compliance with all the requirements of our statutes on the subject.

*Judgment affirmed.*