### S. FRIEDLANDER *v.* W. L. CUSHING.

*Under the general issue defendant can prove that his lessor gave him permission to remove from the premises before the expiration of the time stated in the contract of lease, and rent will only be allowed up to that period.*

APPEAL from the Second District Court of New Orleans, *Whitaker,* J. *Fellows & Mills,* for plaintiff.   *L. M. Day,* for defendant.

HOWELL, J.   The defendant has appealed from a judgment condemning him to pay $640, rent of certain leased premises, from June to November, 1862, and he complains that there was error in allowing rent for the whole of the month of October, as the evidence shows that the plaintiff consented for him to vacate the premises, which are shown, he says, to have been untenantable.

We find in the record a bill of exceptions taken by plaintiff to the introduction of any evidence, to prove any matter going to show a diminution of the amount claimed in the contract of lease, on the ground that it was inadmissible under the general issue.   This objection was well taken as to any evidence tending to change or reduce the stipulated rent; but does not apply to that which goes to prove plaintiff's consent for defendant to quit the premises before the end of the lease.   Plaintiff alleged that defendant had removed without his consent, and the general denial put this at issue.   No *legal* objection was urged to the introduction of evidence upon this point, which, we think, establishes the consent, as contended for by defendant, who, it seems, left the premises on the 12th October; the rent to which date inclusive is $550, for which sum only judgment should have been rendered.

It is therefore ordered, that the judgment of the lower Court be avoided and reversed; and it is now ordered, adjudged and decreed, that plaintiff recover of defendant $550, with interest from judicial demand, and the landlord's privilege on the property provisionally seized, and all costs in the lower Court; plaintiff to pay the costs of appeal.