## No. 11,152.

### LEHMAN, STERN & CO. VS. M. A. BROUSSARD ET ALS.

1. The prerequisites prescribed by law in attachment proceedings must be strictly construed and rigidly enforced.
2. It is well settled that an attachment bond for less than the amount prescribed

Lehman, Stern & Co. vs. Broussard et als.

by law is fatal to the attachment, and *a fortiori* must be a bond for no amount whatever.

3. The principle that judicial bonds are to be construed by the law under which they are given, rejecting surplusage and supplying omissions, does not apply to such a case where the question is not as to the eventual liability of parties to such bonds after they have accomplished their purpose, but whether the conditions precedent prescribed by law and essential to the maintenance of the attachment have been strictly complied with. Such compliance can not be eked out by presumptions and implications, or by collateral evidence.

4. Legal service of citation and order of attachment on defendant is a necessary condition precedent to the seizure, without which the attachment can not stand.

5. The return of a domiciliary service which does not state the name of the person on whom made, nor whether he knew or how he ascertained the name, nor that he was living at the domicil, is fatally defective.

6. So a domiciliary service made at a store of defendant, without stating that the store was kept at his domicil, can not stand.

7. When the husband has been sued and cited jointly with the wife, and has appeared with her in any manner in the case, his authorization of her defence is implied.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Mouton, J.*

*Henry L. Garland, Jr., Kenneth, Baillio & White, Saunders & Parlange* for Plaintiffs and Appellants:'

1. Where original petition is filed and the citation of husband is asked for, but clerk fails to make such citation, the cause in lower court should be continued to have husband properly cited.

2. Where subsequently a supplemental petition was filed praying for writs of attachment and garnishment, and the citation is addressed to wife and husband by name and served at their domicil, the wife will be properly in court *quoad* such supplemental petition

3. Where return on citation does not specifically say that the papers were served on A, but the whole trend of the return so indicates, he being only person mentioned *co nomine* and living in the house and being over 14 years, and where, further, the return on the writ of attachment recites the service of all the papers on A, *including petition and citation*, said returns being by same deputy, on same day and in same suit and at same place, may be read together and each supply ambiguities in the other.

4. As the husband may authorize his wife at any time before trial on merits, he may be cited at any time to authorize her. 26 An.—; 39 An. 435; 11 An. 503.

5. Where a record reeks with fraud, the attaching creditor will be protected in his attachment from effects of court officers performing their functions in a clumsy manner.

6. Where the husband, as agent of his wife, makes declarations at the time of a series of sales for cash, on eve of suit, to relatives and friends, to the effect that he sold to protect himself, an attachment against his wife, the plaintiff's debtor, will be maintained.

Lehman, Stern & Co. vs. Broussard et als.

7. Where the son of the defendant comes in as a third opponent and claims 115 bales of cotton or proceeds, which he shipped to New Orleans in his own name at the end of the crop year, and a few days before his mother divested herself of nearly all her property by a series of sales for cash for much less than their value, he must clearly prove his title to said cotton by unimpeachable evidence; and where said son is a young man 26 years of age, resides with his mother, is her clerk and book-keeper, is the manager of a small peddling business, is not shown to have any property of his own and obtains the goods he peddled from his mother's store, and said store shipped the same to the market, his claim to said cotton will be denied and held to be a pure simulation and subject to the claims of his mother's creditors.

8. Where defendants in action of simulation and fraud fail to testify to clear up much which lies within their knowledge, all the presumptions of law are against them. 33 An, 1065.

9. Where a married woman, separated in property from her husband, who is and has been for years hopelessly insolvent, appoints him her agent to manage a store which she owns, which is assessed in her name and the goods in which are insured in her name, and said agent, acting under said power, runs up a multitude of accounts and executes notes necessary in said business and incidental thereto, she will be bound by his acts to plaintiffs, who deal with her husband only as agent under a power given specially to them, who gave credit to her exclusively, who carry her name, not his, on their books, and whose correspondence is addressed to her. In such a case the wife who bought the store years ago under a judgment against her husband, who has since been hopelessly insolvent, can not pretend that said business does not belong to her.

10. The declarations of the husband as agent are binding on wife, and where they clearly establish fraudulent design in disposition of property will be sufficient to maintain an attachment issued against her. 38 An. 424; 102 U. S. 263; 114 U. S. 561.

11. Garnishees, not parties to a motion to d ssolve an attachment, are not necessary parties to an appeal from a judgment thereon, where no proceedings were taken against them in such motion or connected therein, and where no judgment is presently asked against them. Nor are defendants in the revocatory act on, pure and simple, necessary parties to such appeal. They have no interest in such appeal. 16 An. 324; 23 An. 260; 27 An. 201; 14 An. 373; 27 An. 244.

12. Amount of plaintiffs' claim is test of jurisdiction in third oppositions. 34 An. 1047.

13. Where petition and evidence thereunder claims $3304.97 against main defendant, this court has jurisdiction.

14. Inaccuracies in appeal bond which are evidently clerical errors and which are not sufficient to prevent appellee from recovering from surety on such bond, will not be sufficient to dismiss appeal. 40 An. 227; 35 An. 348.

15. When appeal is returnable by law on "third Monday in January," and appellees are cited for that day, and where petition asks for appeal returnable that day, the recital in the bond, otherwise perfectly identified with the suit and judgment appealed from, that the appeal is returnable "third day in January," the appeal will not be dismissed for such inaccuracy in the bond, which is manifestly clerical.

16. Amount of a suspensive appeal bond is fixed by law; and need not be fixed by the judge. 39 An. 580; 1 R. 324; 10 An. 318.

Lehman, Stern & Co. vs. Broussard et als.

17. Where a bond of $5000 is given for a suspensive appeal under an order for a suspensive and devolutive appeal, the appeal will be sustained either as a suspensive or devolutive appeal. 35 An. 937; 38 An. 634; 27 An. 97.

*C. DeBaillon* and *C. H. Mouton,* for Defendants and Appellants:

1. The remedy by attachment must strictly pursue all the forms of law, on pain of nullity. C. P. 206; 3 L. 17, Lacey vs. Kinley; 3 R. 233, Putman vs. Banking Co.; 8 N. S. 354, Williams vs. Kimball; 7 N. S. 160, Love vs. Dickson; 10 M. 472, Stockton vs. Hasluck; 3 An. 186, Erwin vs. Com. & R. R. Bank.

2. In attachment proceedings the first step to be taken is to serve the process of citation in the manner required by law. C. P. 206, 253, 254, 190, 192; 3 R. 233, Putman vs Banking Co.; 8 N. S. 354, Williams vs. Kimball; 3 An. 186, Erwin vs. Com. & R. R. Bank.

3. A prayer for a writ of attachment does not dispense with a citation of defendant. A citation is required in all cases, and particularly in cases of attachment. C. P. 170, 172, 206, 251, 253; 8 N. S. 354, Williams vs. Kimball; 3 An. 354, Erwin vs. Bank.

4. The pretended service of citation in this case is radically defective.

5. It fails to show that service was made on defendant in person or at his domicil—in fact, it fails to show where and on whom the pretended service was made. The service must be made on defendant in person or at his domicil. C. P. 187, 188, 198, 190, 223; 32 An. 467, Walker vs. Barelli.

6. It fails to show where the domicil or house inhabited by defendant is situated. C. P. 201; 21 An. 630, Arnault vs. St. Julien; 21 An. 613, Cole vs. Hocha.

7. It fails to state upon whom the service was made. C. P. 201, 188, 189, 190; 21 An. 513, Cole vs. Hocha; 42 An. 227, Whitney vs. Lumber Co.

8. The pretended service of writ of attachment alleged to have been made January—1891, is radically defective.

9. The service is alleged or stated to have been made at the store of M. A. Broissard, and not at his domicil. C. P. 187, 188, 189, 190, 253; 35 An. 101, Adams vs. Basile; 21 An. 613, Cole vs. Hocha.

10. It fails to show where the store is situated. C. P. 201; 21 630, An. Arnault by St. Julien; 21 An. 613, Cole vs. Hocha; 35 An. 101, Adams vs. Basile; 42 An. 227, Whitney vs. Lumber Co.

11. It fails to show whether D. Bonnemaison was known to the sheriff at the time of the pretended service, or whether the sheriff learnt his name by interrogating him. C. P. 301, 202; 42 An. 227, Whitney vs. Lumber Co ; 21 An. 213, Cole vs. Hocha; 15 An. 462, Frazel vs. Cooper.

12. It fails to state if D. Bonnemaison resided with the defendant.

13. No legal bond was given—it is a prerequisite of attachment proceedings. See Brief, pp. 13, 17.

The opinion of the court was delivered by

FENNER, J. This is an appeal taken by plaintiff from a judgment dissolving an attachment.

The grounds of the motion to dissolve are, first, that the attachment issued without legal bond, and, second, that neither the peti-

tion for attachment nor the citation, nor the writs of attachment were legally served on the defendant.

1. The attachment bond is not given for any named sum of money. It recites that " Lehman, Stern & Co., as principal, and P. Gerac, as surety, acknowledge to owe A. M. Martin, or his successors in office, clerk of the Twenty-fifth Judicial District Court, the full sum—— for the payment of which, well and truly to be made, we hereby bind ourselves," etc.

This is not the bond required by the statute, which provides that " a creditor, or his agent, praying such attachment, must, besides, annex to his petition his obligation in favor of the clerk for a sum equal to that which he claims, with the surety of one good and solvent person," etc. Act No. 17 of 1880.

It has been so often held that attachments are *stricti juris* and can only issue in the particular cases provided by law, and that all formalities and requirements prescribed must be strictly complied with under pain of nullity, that a reference to the digest is a sufficient citation of authority. 1 Hennen's Dig., p. 120.

It has been repeatedly held that where the bond is for an amount less than that prescribed by law the attachment falls. Thus this court set aside an attachment where the bond for $5000 was only $57 less than the required amount, saying " those who invoke process of this kind have been uniformly required to fulfil the minutest requirement." Yale vs. Cole, 31 An. 687.

The same course was pursued in another case where, referring to the bond, the court said: " This prerequisite must be strictly construed and rigidly enforced. The remedy by attachment is an extraordinary one; dispossessing the party of his property before his indebtedness is judicially ascertained, upon the *ex parte* showing of his adversary. Hence it has been repeatedly held that the legal prerequisites must be fully complied with under pain of nullity." Planters' Bank vs. Byrne, 3 An. 687; see also Graham vs. Buckhalter, 2 An. 415; Williams vs. Barrow, 3 La. 57.

It is impossible to hold that, though a bond for *less* than the amount required is fatally defective, a bond for no amount whatever can stand. We can not apply the principle that " judicial bonds must be tested by the law directing them to be taken; that which is superadded must be rejected and that which is omitted supplied." This rule has been applied to added or omitted conditions in bail

bonds and in bonds for the release of sequestered or attached property, where the bonds had accomplished their purpose and the sureties were held bound by legal conditions. Emanuel vs. Mann, 14 An. 53; King vs. Baker, 7 An. 570; Baker vs. Morrison, 4 An. 373; Welsh vs. Barron, 9 Rob. 355; Slocomb vs. Robert, 16 La. 173.

It has also been applied in the case of injunction bonds. Mason vs. Fuller, 12 An. 68; Eysralenne vs. Bank, 3 An. 663; Breedlove vs. Johnston, 2 N. S. 517.

These, however, were cases in which, the injunction having taken effect, the question arose on the liability of the security on the bond. Moreover, injunction is an equitable remedy and is not subject to the same strictness as attachments.

The rule has never been applied in cases involving the validity of attachments taken out on such insufficient bonds. The question here is, not whether the surety on such bond might be held liable eventually, but whether the precedent conditions prescribed by law, and without which the attachment can not stand, have been complied with. Obviously they have not. The law requires a bond for a specified amount. The requirement is to be strictly construed and rigidly enforced. A bond for a less amount is fatal. *A priori* a bond for no amount at all is equally so. The bond required by law was not furnished. It is not to be eked out by presumptions and implications.

The same reasons repel the attempt to cure the deficiency by reference to the affidavit of the surety. The law requires the amount to be specified in the bond, not in an affidavit separately filed.

2. The judge rested his decision on the insufficiency of the service of the citations, petitions and order of attachment.

The law imperatively requires such service as a condition precedent to seizure. C. P., Arts. 251, 253, 256; Putnam vs. Banking Company, 3 Rob. 232.

There was no timely legal service in this case.

The return on the citation is as follows:

" Received this original, together with certified copies of supplementary petitions and citations, on the 26th day of January, A. D. 1891, * * * and service was duly made on Mrs. M. A. Broussard and to her husband, J. Bonnemaison, at their domicil, because, on inquiry from Dominique Bonnemaison, as to the whereabouts of Mrs. M. A. Broussard, and being informed by him, he being over the

age of fourteen years, and residing with her, that he did not know where she was, she having left the day previous; on inquiry from other parties residing in the house I could obtain no further information, the house being her domicil.  Service was made on the 27th day of same month and year; distance, about ten miles from the court house of said parish.  Signed, L. G. Breaux, Deputy Sheriff."

It is radically defective in several respects.

1. It does not state the name of the person on whom service was made, or whether such person's name was known to him, or how he ascertained his name.  C. P., Art. 201; O'Hara vs. Lumber Co., 42 An. 226.

2. Nor does it state that such person resided at the domicil.  C. P. 189; Cole vs. Rocha, 21 An. 613; Pilié vs. Kenner, 16 La. 570; Kendrick vs. Kendrick, 19 La. 36; Oakey vs. Drummond, 4 An. 363; Corcoran vs. Riddell, 7 An. 268; Feasel vs. Cooper, 15 An. 462.

The return on the writ of attachment is as follows:

"Received the within this 26th day of January, 1891, and proceeded on the following day to serve the same, and did so by handing a certified copy of petition and a certified copy of citation and order of attachment, by handing it to Dominique Bonnemaison, a man over the age of 14 years old, in the store owned by Mrs. M. A. Broussard, seized, and owned by her, he being at the time apparently in charge of the business of said store, and who stated to me, on inquiry, that Mrs. M. A. Broussard had left, and that he did not know her whereabouts; distant, about 10 miles from court house of said parish, hereunto annexed.  Signed, L. G. Breaux, Deputy Sheriff."

This return falls under our ruling in a similar case, in which we said: "This return does not show a domiciliary service.  If the store was kept at the domicil of the defendant, and the person on whom the process was served lived or resided therein, the sheriff should have so stated distinctly, with mention of the apparent age of the person and the source of his knowledge of the circumstances attending the service."  Adams vs. Basile, 35 An. 101.

The judge did not err in holding such defective services to be fatal to the attachment.  Putnam vs. Banking Co., 3 Rob. 232; Lacey vs. Kinley, 3 La. 17.

We find no merit in the suggestion that the wife was not authorized by her husband to make the motion to dissolve. The husband had been made a party defendant and cited for the purpose of authorizing his wife.

He had appeared in the case by filing his answer to a subpœna *duces tecum*, and had joined his wife in a motion for commission to take testimony, filed on the same day that the motion to dissolve was filed.

This is sufficient evidence of his knowledge and authorization. It showed a sufficient appearance of the husband in the suit to confirm the implication of authority resulting from his being joined and cited with her. Stone vs. Tew, 9 Rob. 193; Chiasson vs. Dulplantier, 10 La. 574.

Besides it does not lie in the mouth of plaintiffs to deny the authorization of the husband, because the entire validity of their own proceedings depends thereon.

Judgment affirmed.