(115 So. 572)

No. 28820.

## DUCRE v. BAGUR.

### In re DUCRE.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

Pleading ☞298—Verification of petition by plaintiff's attorney on information and belief held sufficient regardless of reason why attorney made verification rather than plaintiff (Act No. 27 of 1926, § 1).

Verification of petition by plaintiff's attorney, declaring on oath that facts and allegations of petition were true and correct to best of attorney's knowledge, information, and belief, *held* sufficient under Act No. 27 of 1926, § 1, regardless of reason why attorney made verification rather than plaintiff, since provision of statute authorizing court to inquire into reason why attorney made verification was enacted by oversight, in view of history of statute (Act No. 157 of 1912; Act No. 300 of 1914; Act No. 228 of 1924).

Suit by Simon Ducre against Jules Bagur. Judgment of dismissal on exception to verification of petition was affirmed by the Court of Appeal, parish of St. Tammany, and plaintiff brings certiorari or writ of review. Judgments of district court and Court of Appeal set aside, exception to verification overruled, and case remanded.

Hiddleston Kenner, of New Orleans, for applicant.

Miller & Heintz, of Covington, for respondent.

ROGERS, J. Plaintiff instituted this suit to recover damages for an alleged trespass upon his property. His petition was verified by his attorney. On exception by defendant, the judge of the district court ruled that the verification should have been made by plaintiff, and so ordered under penalty of dismissal of the suit. Plaintiff declined to comply with the order and appealed therefrom to the Court of Appeal, First Circuit. That court affirmed the ruling of the judge of the district court, and its action in so doing is now before us for review.

The original pleading and practice act is No. 157 of 1912. In subparagraph (b) of paragraph 5 of section 1, it authorizes attorneys to verify pleadings, upon information and belief where the parties are absent from the parish or where it is impossible to obtain their verification. In such cases it is provided that the affidavit of the attorney shall include a statement of the facts justifying the verification. It also confers upon the court the right where it deems the reasons for the verification to be insufficient to require the pleading to be further verified by the proper party within a delay to be fixed.

The restriction on the right of attorneys to verify pleadings proved to be unsatisfactory to the members of the profession, and Act 300 of 1914 was adopted amending and re-enacting the prior statute. In the new law the objectionable feature of the old law was omitted, and, in lieu thereof, it was provided that "the petition or answer may be verified by the attorney of the party or parties in all cases."

In enacting the statute, however, the Legislature retained the provision giving the court the right to pass upon the sufficiency of the verification by an attorney, with the proviso that the paragraph in which the right is reserved "shall in no way vary or affect the foregoing paragraph as to the conclusiveness of verification when made by counsel in the cause."

Act 300 of 1914 remained in effect until its repeal by Act 228 of 1924, which was the re-enactment, ipsissimus verbis, of Act 157 of 1912. The effect of this legislation was to restore the unsatisfactory condition formerly existing relative to the verification of pleadings by attorneys. At its following session, the Legislature promptly repealed the act of 1924 and readopted, ipsissimus verbis, Act

300 of 1914 as Act 27 of 1926. This is the statute now regulating the pleading and practice in civil causes, other than appeals from justice of the peace courts, in the district courts of this state.

The Court of Appeal was of the opinion that since the first paragraph of the rules of practice laid down in section 1 of the statute declares that "the petition shall be in all cases verified as hereinafter provided," the same form given for the verification by a party litigant must be followed when the verification is by his attorney. And it found support for its opinion by the provision in subparagraph 4 of paragraph (b) of subsection 5 of section 1, giving the court the right for a reason deemed insufficient to justify the form of verification by an attorney to require, within a delay to be fixed, verification by the party himself, said verification to be retroactive in its effect, "provided that this paragraph shall in no way vary or affect the foregoing paragraph as to the conclusiveness of verification when made by counsel in the cause." It held, therefore, that since plaintiff is a resident of the parish of St. Tammany, and no reason is set forth in the affidavit of his attorney why he could not verify his own petition, the district judge properly exercised the discretion vested in him by the statute in ordering plaintiff to make the verification.

It is apparent, however, from the history of the legislation which we have hereinbefore recited, that it was the intention of the lawmaker to remedy the unsatisfactory condition resulting from the restrictions imposed upon attorneys in verifying their pleadings. This was the object of the adoption of the act of 1914. It was also the object of the adoption of the act of 1926, when it was discovered that the objectionable feature of the law had been replaced on the statute books

by the re-enactment in 1924 of the law adopted in 1912 and repealed in 1914.

The verification of pleadings is governed by subsection 5 of section 1 of Act 27 of 1926, p. 32 et seq. The first paragraph, and paragraph (a) of the subsection, relate to the verification by the party or parties. In the second subparagraph of paragraph (a) the form of verification to be used in such cases is set forth.

The verification of pleadings by attorneys is provided for in paragraph (b) of subsection 5 of section 1. As hereinbefore stated, the first subparagraph of paragraph (b) reads as follows, viz.: "The petition or answer may be verified by the attorney of the party or parties in all cases." The second subparagraph of paragraph (b) sets forth the manner in which the want of verification or defective verification of a petition must be taken advantage of. The third subparagraph of paragraph (b) sets forth the manner in which the want of verification or defective verification of an answer must be taken advantage of. The fourth and last subparagraph of paragraph (b), which is the cause of the ambiguity in the law, reads as follows, viz.:

"A verification by the attorney of a party or parties for a reason deemed by the court insufficient to justify such form of verification shall not be treated as a defective verification but the court shall in such case require [the] pleading to be verified by the proper party within a delay to be fixed by the court and such verification shall be retroactive in its effect provided that this paragraph shall in no way vary or affect the foregoing paragraph as to the conclusiveness of verification when made by counsel in the cause."

The quoted provision, excluding the proviso, is also to be found in Act 157 of 1912. In that act, however, it forms, together with the other clauses, a consistent and harmonious whole. This is not so in regard to Act 27 of 1926. In this statute, the clause in question is entirely inconsistent with and destruc-

tive of the provision authorizing attorneys to verify pleadings "in all cases."

The second subparagraph of paragraph (a) of subsection 5 of section 1 of the Act of 1926 appears as the second subparagraph of paragraph (b) of subsection 5 of section 1 of the Act 157 of 1912. In the latter act, the subparagraph in question is followed by another subparagraph setting forth the form to be used when the verification is made by the attorney of a party. This provision is omitted from the act of 1926. Subparagraph 6 of paragraph (b) of subsection 5 of section 1 of the Act of 1912, which is the clause hereinabove quoted, excluding the proviso, should have been eliminated also from the act of 1926 in order to fulfill the intention of the Legislature and to attain the object for which the statute was enacted. The failure to do this was clearly an oversight on the part of the lawmaker. After giving attorneys the right to verify pleadings in all cases and eliminating the clause requiring them to set forth their reasons therefor, it is, manifestly, not in keeping with the purpose of the Legislature for it to have designedly retained the provision of the law authorizing the court to inquire into the sufficiency, vel non, of an attorney's reason for his verification. That this is the proper view to take of it is further shown by the proviso, which speaks the last intention of the lawmaker, added to the clause in the adoption of the act of 1926, to insure the conclusiveness of the verification when made by the attorney in the case.

Our conclusion is that the petition herein was properly verified by plaintiff's attorney when he declared, under oath, that the facts and allegations thereof were true and correct to the best of his knowledge, information, and belief.

For the reasons assigned, the judgments of the district court and of the Court of Appeal are set aside, the exception to the verification of plaintiff's petition is overruled, and this case is remanded to the district court for further proceedings in accordance with law, the costs of litigating the exception in all the courts to be paid by the respondent, Jules Bagur; all other costs to await the final determination of the suit.