ST. PAUL, J.
 

 The defendant is a nonresident of the state, and this is an action to bring him into court by process of attachment. Code Prac. art; 240.
 

 But the oath requisite to obtain the attachment was not sworn to by the plaintiff, al
 
 *782
 
 though present in the parish, hut only hy his attorney. Cf.-Code Prae. art. 217. ■ ;
 

 Accordingly, defendant moved to dissolve the injunction on said ground..
 

 I.
 

 £1] We think the attachment was properly dissolved. Act No. 27 of 1926, the pleading and practice act, is identical with.Act No. 300 of 1914. See Ducre v. Bagur, 165 La. 307, 115 So. 572. And in Porteau v. Gluck, 149 La. 651, 89 So. 886, this court held that the provisions of the pleading and practice act, to the effect that pleadings might be verified by the affidavit of the attorney “in all cases,”did not repeal the rigid requirements of the Code of Practice relative to the issuance' of conservatory and supervisory writs. And that all such writs should still issue only on the oath of the petitioner himself, unless he were absent, notwithstanding the provisions of the pleading and practice act. '
 

 The case of Citizens’ Bank v. Hancock, 35 La. Ann. 41, has no application. That was a case where the court refused to dissolve an attachment because of a patent clerical error in the affidavit. And what the court said b.er' yond this is obiter dictum, or at best only applicable to matters of mere clerical error and not to matters of substance. Gf. Klotz v. Macready, 35 La. Ann. 596.
 

 II.
 

 £2] We think the trial judge erred in mere-, ly nonsuiting defendant’s claim for attorney’s fees for dissolving the attachment. It is clear that plaintiff was entitled to the attachment, since defendant was a nonresident. Therefore plaintiff did not abuse’his right to attach, he merely failed to get the benefit thereof because of his error in having the affidavit signed by his attorney instead of by himself. The claim for attorney’s fees should have been rejected, not merely nonsuited. Phelps & Co. v. Broughton, 27 La. Ann. 592.
 

 III.
 

 £3] Wé also ‘think that the trial judge erred in dismissing plaintiff’s suit. It is quite true that the attachment first taken out was properly dissolved, though on technical grounds, ilut whilst the motion to dissolve it was pending, plaintiff renewed (and even increased) his demand against defendant and obtained a new attachment on petition sworn to by himself. This had the same effect as the filing of a new suit, and sufficed to maintain the jurisdiction of the court and hold the case in coprt to the extent of the property seized under the new attachment. Pugh v. Flannery, 151 La. 1063, 1069(6), 92 So. 699.
 

 Decree.
 

 The judgment -appealed from is therefore affirmed so far as it dissolves the attachment herein originally sued out; it is amended so far as it nonsuits defendant’s claim for attorney’s fees for dissolving said attachment, and it is now ordered that said claim for attorney’s fees be rejected; it is reversed so far as it dismisses plaintiff’s suit without reservation ; and it is now ordered that said suit' be maintained as to the demand of the supplemental petition and to the extent of the property seized under the supplemental attachment ; it is further ordered that the costs of this appeal be paid by the defendant, that the. costs of the lower court incurred prior to the issuance of the supplemental attachment be paid by plaintiff, and that all costs of the lower court incurred ■ subsequent to the issuance' of the supplemental attachment abide the final outcome of the case.