ST. PAUL, J.
 

 The plaintiff sued on a promissory note. By supplemental petition he set up, in substance, that the defendant had disposed of all jts unincumbered property with intent to defraud its creditors. Hé asked that a writ of attachment issue, and that certain property be seized.
 

 To this supplemental petition, the defendant filed an exception of no cause of action, which the parties have elected to treat as a motion to dissolve, which, in effect, it is. This exception was maintained, and the supplemental petition dismissed.
 

 We think the trial court erred. The allegation of the supplemental petition, if true, justified the issuance of writ of attachment. Code Prac. art. 240.
 

 As to the fact that the property attached under the writ may be the property of a third person or in his possession, or was not liable to seizure in the hands of such third person, except after certain proceedings (all of which is urged by defendant), we are pf opinion that the defendant has not the least interest in that. If the property belongs to any third person, or is claimed by him, or cannot be attached in his hands except after certain proceedings, all that concerns such third person alone, and not this defendant, who has not the slightest interest therein, and cannot champion the rights of such third person. Williams v. Williams, 26 La. Ann. 644; British & American Mortgage Co. v. Ralston, 38 La. Ann. 593, 598.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action herein filed be overruled and the case remanded for further proceedings, without prejudice to the rights of any third person claiming the ownership of the property attached.