## MOORE v. GORDON.*
### No. 14644.

Court of Appeal of Louisiana. Orleans.
March 26, 1934.

486

Herman L. Midlo, of New Orleans, for appellant.

Herbert W. Kaiser and John H. Hammel, Jr., both of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a landlord against his tenant to recover the sum of $540 with legal interest and 10 per cent. attorney's fees, alleged to be due under the terms of a written lease which the defendant is said to have violated in failing to pay the rent due on January 1, 1933, in the sum of $60, thereby maturing the balance of the rent notes under the acceleration clause of the lease, and by vacating the premises and removing all his effects therefrom; and in connection with the claim the movable property of the defendant was seized under a writ of provisional seizure, based upon the lessor's lien and privilege.

Defendant filed a rule to have the writ recalled and vacated on the ground that the affidavit to the petition was not signed by the plaintiff but by his attorney. Defendant then answered averring that he had made a legal tender of the rent due on January 1, 1933, to plaintiff's agent and subsequently to his attorney before the suit was filed, and further especially pleaded that plaintiff's agent had entered into an agreement with the defendant to permit him to remove all of his effects from the premises.

The trial court dismissed the rule and rendered judgment in favor of plaintiff as prayed for, and defendant has appealed.

■ With reference to the rule to dissolve the writ of provisional seizure, the plaintiff admitted that his attorney at law had signed the affidavit to the petition and not himself, but proved that he was absent from the parish of Orleans at the time the affidavit was executed. Defendant's counsel objected to the offer of this proof on the ground that the affidavit should affirmatively set forth that the plaintiff was absent at the time the affidavit was signed.

Articles 216 and 217 of the Code of Practice read as follows:

216. "The oath which the creditor is required to take, of the existence and nature of the debt, of which he claims payment, in the cases provided in the two preceding articles, may be taken before any judge or justice of the peace, or clerk of the court before which he sues, or before the judge of any other place, provided the signature of such judge be proved or duly authenticated.

"And in all cases when, by any provision of this Code, an oath of a party is required, it may (in case of the absence of said party) be made by his agent or attorney; and in such case it shall be sufficient for the agent or attorney to swear to the best of his knowledge and belief."

217. "The above rule governs in all cases where the oath is taken by the agent or attorney of the creditor to obtain the attachment in the hands of third persons, the provisional seizure, or the sequestration of the debtor's property, or in order that he be enjoined not to dispose of the same while the action is pending."

From a reading of these two articles it will be seen that the law does not require the affirmative statement that the plaintiff is absent from the parish to be incorporated in the affidavit, although, we may add, the better practice is to do so. The trial court permitted the plaintiff to show, as a matter of fact, that he was absent at the time the affidavit was made, and we see nothing in the law which prevented our learned brother below from permitting this to be done.

The case of Bass v. Baskowitz, 170 La. 779, 129 So. 201, is inapplicable because the plaintiff in that case was present in the parish when his attorney signed the affidavit.

■ Under the terms of the lease and the rent note, the rent for the month of January, 1933, amounting to $60, became due on January 1, 1933. On or about December 13, 1932, the defendant requested that the plaintiff permit him to move from the premises because his wife had died therein. A controversy arose about the matter with the result that the defendant threatened to have his attorney institute proceedings to annul the lease. Plaintiff's agent then suggested that the matter be placed in the hands of their respective attorneys. Defendant moved from the premises, and when plaintiff's agent called on the 1st and 2d of January, 1933, the property was unoccupied and it was discovered that the defendant had vacated. Thereafter, it appears that defendant phoned plaintiff's agent and stated that if she called at another address in the city he would pay the rent. The defendant was informed that the matter had been placed in the hands of an attorney. When he called on the attorney to pay the rent, he was told that suit had already been

filed. The cash tender of $60 was refused. The tender was not legal for the reason that defendant did not include the cost of court and attorney's fees that had been incurred and the balance of the rent notes which had matured under the acceleration clause. The delay in paying the rent was due entirely to the fault of defendant and was in violation of his agreement. The second point is without merit.

When the case was being tried on the merits, the defendant sought to show that plaintiff's agent had agreed to permit him to vacate the property and remove his effects therefrom. Counsel for plaintiff objected on the ground that the averments of the special plea were insufficient to admit proof thereunder. The trial court sustained the objection, but permitted counsel for the defendant to dictate into the record what he proposed to prove in this connection. His statement is as follows:

"I have Mrs. Anna Levitan here to prove that Mrs. LeSueue told her that she would not repair the building until she had moved out and made no formal objection to her moving; that the only objection was to the breaking of the lease. I think that is all I have. I have Mr. Gordon to prove that Mrs. LeSueue never did tell him he could not move."

We believe that while the averments of the defendant's special plea were too general and should have been more specific and informative, nevertheless they were sufficient to apprise the plaintiff of what the defense was, so that plaintiff could not have been taken by surprise. It is our opinion that the trial court erred in refusing the defendant's offer of evidence under the special plea. However, according to the statement of defendant's counsel, it is very apparent that, even if Mrs. Levitan and defendant had been permitted to testify, they would not have stated that there was any agreement to permit defendant to vacate the premises and remove his effects therefrom. It was not necessary for the plaintiff and his agent to tell defendant he could not vacate the premises and remove his belongings, because, under the terms of the lease and the law, he did not have that right. The only way the rights of the plaintiff under the lease could have been waived would have been by a clear and definite agreement between the parties. Friedlander v. Cushing, 18 La. Ann. 124.

From the statement dictated by counsel into the record, defendant was not in possession of evidence to show such an agreement. Ordinarily we would remand the case for the

purpose of receiving the evidence which had been erroneously excluded, but under the circumstances of this case we believe that it is entirely unnecessary and would only result in unduly delaying and prolonging the litigation.

We may further observe that, since we have found that the rent was not paid at its due date through defendant's neglect and the tender was illegal, even though plaintiff had given the defendant the right to vacate the property, there is no contention that the defendant could delay in the payment of the rent, and, if he did default, that the plaintiff agreed to also relinquish his lien and privilege on the effects that had been moved out of the property. Therefore, as the defendant was delinquent in the payment of his rent not only for one month, but for the balance of the term of the lease, the plaintiff had the right to institute suit therefor and provisionally seize the defendant's effects.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied April 23, 1934.