5 So.2d 135

**WILLIAMS et al. v. RALPH S. MILLER SHOWS et al.**

No. 36293.

Nov. 3, 1941.

Rehearing Denied Dec. 1, 1941.

Morrison & Sims, of Hammond, for relator.

Johnson & Kantrow, of Baton Rouge, and S. S. Reid, of Amite, for respondents.

ROGERS, Justice.

Mrs. Rachel Williams, in her own behalf, and as administrator of the estate of her minor daughter, Donna Mae Williams, brought suit against the Ralph R. Miller Shows, an alleged commercial partnership, and the individual members thereof, to recover $10,000 as damages for injuries suffered by her minor daughter as a result of the breaking of an alleged defective "whirling swing" operated by the defendants in connection with a street-fair conducted by them in Hammond, Louisiana. Averring that she had good reason to believe that the defendants were about to permanently leave the State without "there being a possibility in the ordinary course of judicial proceedings" to obtain or execute a judgment against them previous to their departure, and upon furnishing bond in the sum of $10,000, signed by Allen Dunnington as surety, plaintiff obtained a writ of attachment from the Twenty-first Judicial District Court for the Parish of Tangipahoa, by virtue of which the sheriff of the parish seized all the movables, equipment and paraphernalia of the defendants located on the 300 block and the southwest corner of the 200 block of Southeast Railroad Avenue, in the City of Hammond.

Plaintiff's demands were embraced in an original petition filed on May 3, 1941, and in an amended petition filed on May 7, 1941, each petition containing a proper prayer for relief. On May 9, 1941, the defendants, through their counsel, obtained the issuance

of a rule upon plaintiff, requiring her to show cause why the writ of attachment should not be dissolved because of the pecuniary insufficiency of the surety on the attachment bond. This rule was made returnable on May 14, 1941. At the hearing held on that day, the rule was made absolute, and a formal judgment was rendered and signed by the trial judge dissolving the writ of attachment at plaintiff's cost. Thereafter, on the same day, plaintiff filed a supplemental and amended petition in which, after alleging that the injuries to her minor daughter were not as severe as she at first apprehended and reducing her claim to $1,000, she prayed for and obtained a writ of judicial sequestration. This writ was dissolved by a judgment rendered and signed on May 26, 1941.

Thereafter, on the same day, May 26, 1941 plaintiff filed a supplemental and amended petition in which she reduced her claim for damages to $1,000 and prayed for judgment against defendants in that amount. Plaintiff also prayed for and obtained a writ of attachment upon a bond for $1,000, signed by McKinley Demars as surety. The defendants, through their counsel, obtained a rule to test the pecuniary sufficiency of the surety on that bond. This rule was made returnable on June 6, 1941, but, by consent of counsel, the hearing thereon was continued until June 13, 1941.

Prior to the trial of the rule to dissolve the attachment bond signed by McKinley Demars as surety on June 13, 1941, plaintiff filed in the office of the Clerk of Court a new attachment bond in the sum of $1,000, which bond was signed by T. W.

Dunnington as surety. At the beginning of the trial of the rule to dissolve the attachment because of the pecuniary insufficiency of McKinley Demars, the surety on the attachment bond, the attorneys for the defendants objected to the filing of the new attachment bond signed by T. W. Dunnington as surety, on the ground that it was the third bond filed in the case, and that, as under the provisions of Act 284 of 1928, only one supplemental or new attachment bond can be filed in the same case, the bond signed by T. W. Dunnington was filed too late.

During the trial of the rule to test the pecuniary sufficiency of McKinley Demars as a surety on the attachment bond signed by him, plaintiff, through her counsel, tendered the bond for $1,000 signed by T. W. Dunnington as surety, which her counsel had previously filed in the Clerk's office, together with evidence to establish the pecuniary sufficiency of Dunnington as such surety. Counsel for the defendants objected to the tender of the Dunnington bond, "as the offering is immaterial and irrelevant to the issue now before the court." The trial judge sustained the objection. He also ruled that because of the pecuniary insufficiency of McKinley Demars, the bond signed by him was not sufficient to support the writ of attachment and he dissolved the writ.

Upon the rendering of the judgment, counsel for plaintiff gave notice of his intention to apply to this court for remedial writs, and the trial judge granted a stay of the proceeding until June 18, 1941, for the purpose of giving counsel an opportunity to

make the application. On that day the petition for remedial writs was filed in this court, and a writ of certiorari and a rule nisi were issued to the trial judge and to the respondents returnable on or before October 7, 1941. On the return day fixed by the Court, the case was submitted without oral argument and upon the printed briefs of the parties, as provided by section 3 of Rule XIII of the Rules of this Court.

It is argued on behalf of plaintiff that the first attachment having been dissolved by the judgment rendered on May 14, 1941, the second attachment filed on May 26, 1941, was a new proceeding in which, under the provisions of Act 284 of 1928, plaintiff was entitled to furnish a new bond if the surety on the bond filed with the petition and order for the attachment was found to be pecuniarily insufficient.

It is argued on behalf of defendants that the provisions of the statute are inapplicable to the bond for $1,000 signed by T. W. Dunnington, because it was the third bond filed by plaintiff in support of what was in effect the same writ of attachment.

Act 284 of 1928, amends and reenacts section 3 of Act 112 of 1916, regulating the form and effect of bonds furnished in judicial proceedings, providing for the correction of errors, inaccuracies and omissions in such bonds, for the supplementing of such bonds, and for the addition or substitution of sureties on the original and supplemental bonds, and prescribing the procedure in each of such cases.

Act 284 of 1928 sets forth how the right to furnish a new or supplemental bond shall be exercised by the party furnishing the original bond. The statute provides, among other things, "that should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond; and provided further, that should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond."

The attachment first taken out by plaintiff was dissolved because of the pecuniary insufficiency of the surety on the attachment bond. This judgment, which was rendered and signed on May 14, 1941, was not appealed from by the plaintiff. It became a final judgment. On May 26, 1941, twelve days thereafter, plaintiff filed a supplemental and amended petition in which she prayed for an attachment and citation to the defendants. She did not rely on the writ originally issued and cause another seizure to be made under it, but she resorted to a new attachment. The original writ was entirely abandoned, and in taking out the new writ, she complied with all the formalities necessary to give it validity as a separate and distinct proceeding.

The fact that plaintiff termed her petition a supplemental and amended petition is unimportant. Plaintiff's action in renewing her demand against defendants but for a lesser amount had the same effect as the filing of a new suit. Erwin v. Commercial and Railroad Bank of Vicksburg, 3 La.Ann. 186, 48 Am.Dec. 447; Pugh v.—

Flannery, 151 La. 1063, 92 So. 699; Bass v. Baskowitz, 170 La. 779, 129 So. 201.

In this case, when the attachment bond signed by McKinley Demars was attacked by defendants and it became apparent that there might be some question as to the pecuniary sufficiency of the surety on the bond, plaintiff's counsel, prior to the trial of the rule nisi, filed a new and additional bond signed by T. W. Dunnington, who he claimed and offered to show was pecuniarily responsible for the amount of the bond signed by him.

Under the circumstances of this case, it is clear that the bond signed by McKinley Demars for $1,000 was not furnished by plaintiff as a new or substitute bond for the bond of $10,000 signed by Allen Dunnington, who was rejected by the trial judge as a competent surety because of his pecuniary insufficiency. It is equally clear that the bond for $1,000 signed by T. W. Dunnington was furnished by plaintiff as a substitute for, or addition to, the bond for a like amount signed by McKinley Demars.

Since the bond signed by T. W. Dunnington was filed while the motion to dissolve the attachment for the pecuniary insufficiency of McKinley Demars as surety was pending, it served to hold in effect the attachment taken out on the bond signed by Demars. Bass v. Baskowitz, supra. This being true, it would appear that in furnishing the new or additional bond for $1,000 signed by T. W. Dunnington, plaintiff has followed the procedure prescribed for in such cases by Act 284 of 1928. The bond signed by T. W. Dunnington was not a third attachment bond filed in the

same case, but was the second attachment bond filed by plaintiff in connection with her renewed demand but for a lesser amount against defendants, as authorized by the provisions of Act 284 of 1928.

For the reasons assigned, the rule nisi herein issued is made absolute, and accordingly, it is ordered that the judgment of the respondent judge rendered and signed on June 13, 1941, dissolving the writ of attachment issued on the bond signed by McKinley Demars, be annulled. It is further ordered that the right of the plaintiff to file, as a new or supplemental attachment bond, the bond for $1,000 signed by T. W. Dunnington be and the same is hereby maintained, subject to the right of the defendants to question the validity of the bond as to form and substance and as to the pecuniary sufficiency of the surety thereon. The costs of this proceeding are to be paid by the defendants; all other costs to await the final disposition of the case.