12 So.2d 270

**MARTIN–OWSLEY, Inc., v. PHILIP FREITAG, Inc.**

**In re MARTIN–OWSLEY, Inc.**
**No. 36927.**

Feb. 1, 1943.

Edward M. Heath and St. Clair Adams & Son, all of New Orleans, for relator.

William C. Holmes, of New Orleans, for respondents.

ROGERS, Justice.

Martin-Owsley, Inc., a Louisiana corporation engaged in business as an insurance agent, brought suit against Philip Freitag, Inc., a foreign corporation, to recover $10,-816.85, representing the balance of insurance premiums due for compensation insurance. Plaintiff alleged that the defendant corporation was not qualified to do business in this State and had no agent within the State who was designated to accept service of process, and that a writ of attachment was necessary to protect its rights. Plaintiff furnished the bond required in such cases, and certain tools and other equipment were seized by the sheriff as the property of defendant.

Shortly after plaintiff's petition was filed, Benjamin Lutwick, of the State of New York, appeared through counsel and filed an intervention and third opposition to plaintiff's demand, alleging his ownership of the property seized and annexing to his petition an act of sale of the property from the defendant to him. Intervenor and third opponent alleged that subsequent to his acquisition of the property, he leased it to the defendant. He prayed to be declared the owner of the property and that the attachment be dissolved. On

the same day, through his counsel, the intervener and third opponent caused a rule to be issued upon plaintiff to show cause why the mover should not be permitted to bond the writ. This rule was made returnable on November 19, 1942.

After the filing of the intervention and third opposition of Lutwick, and prior to the return date fixed in his rule to bond the attachment, the defendant Philip Freitag, Inc., through counsel, filed an exception to the plaintiff's petition alleging that defendant had qualified to do business in this State and had designated Morris P. LeCompte, with offices in the Pere Marquette Building in New Orleans, as its agent for the service of process. Defendant alleged that LeCompte had been registered as its agent with the Secretary of State and defendant annexed to its exception the certificate of the Secretary of State showing such registry. Defendant alleged that Elmo L. Evans, its superintendent of labor on whom citation was served, was not authorized to receive service of legal process on defendant's behalf, and that the service of citation upon Evans was illegal and of no effect. Defendant prayed that its exception be maintained and that the writ of attachment be dismissed.

On the day preceding the filing of defendant's exception to plaintiff's original petition, plaintiff filed a supplemental and amended petition in which plaintiff increased the amount of its demand to $15,-313.10. Plaintiff alleged that since filing its original petition it had been advised by the Secretary of State that the defendant corporation had qualified to do business in

this State and had appointed Morris P. LeCompte of New Orleans as its agent for service of process. Plaintiff alleged that the defendant had entered into a simulated sale of its physical assets to Benjamin Lutwick of New York for the purpose of placing its property beyond the reach of its creditors and that Lutwick had executed an act of sale of the property to the Empire Contracting Company, Inc., an alleged Louisiana corporation; that the Empire Contracting Company, Inc., "was a dummy corporation, set up for the sole purpose of having said property transferred to it in the scheme of defendant to conceal its property and prevent its attachment or seizure by creditors." Plaintiff prayed for and obtained a writ of attachment upon giving the required bond.

Defendant, Philip Freitag, Inc., through its counsel, filed exceptions to the supplemental and amended petition, averring that the petition altered and changed the substance of plaintiff's demand as set up in the original petition; that the sales by defendant to Lutwick and by Lutwick to the Empire Contracting Company, Inc., could not be collaterally attacked on the ground that they were simulations; and that there was a non-joinder of parties defendant. Defendant prayed that the exceptions be maintained, the writ of attachment dismissed, and that plaintiff's suit be dismissed. On the same day the defendant, Philip Freitag, Inc., reserving the benefit of its exceptions, filed an answer to plaintiff's original and supplemental and amended petitions. At the time the supplemental and amended petition was filed and the

new attachment issued, no pleadings of any kind had been filed by Philip Freitag, Inc., the defendant.

On November 19, 1942, which was the return day fixed in the rule filed by Lutwick, the intervener and third opponent, for permission to bond the writ of attachment issued upon plaintiff's original petition, the case was called for trial on the intervener's rule and the defendant's exceptions. All parties were present through counsel. By agreement among counsel and by direction of the court, the exceptions filed by the defendant, Philip Freitag, Inc., were argued first, it being agreed that it was proper to hear defendant on its exceptions in order to establish the relative rights of the intervener and the plaintiff. At the conclusion of the arguments, the trial judge rendered a judgment maintaining all the exceptions, dissolving both writs of attachment, and dismissing plaintiff's suit in its entirety. Thereupon counsel for Martin-Owsley, Inc., the plaintiff, notified the trial judge that he would apply to this Court for writs of mandamus, certiorari and prohibition. He further requested that a copy of the notice, which he dictated into the record, be served on the sheriff so that he might be made acquainted with the facts. Plaintiff's application for writs was then made to this Court which, after due consideration, issued a writ of certiorari and a rule nisi directed to the trial judge, the defendant, and the sheriff, ordering them to show cause on the date fixed why the relief prayed for in relator's petition should not be granted.

■ The trial judge was correct in maintaining the exception filed by the defendant, Philip Freitag, Inc., to the plaintiff's original petition. The certificate of the Secretary of State attached to the exception shows conclusively that the defendant corporation was qualified to do business in the State of Louisiana and had designated an agent within the State upon whom service of legal process should be served; hence, the service upon Elmo L. Evans, defendant's foreman, was illegal and of no effect. Lehman v. Broussard, 45 La.Ann. 346, 12 So. 304; Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227; Fullilove v. Central State Bank, 160 La. 831, 107 So. 590.

■ The trial judge erred in maintaining the exceptions to the supplemental and amended petition and dismissing plaintiff's suit. Prior to the filing of the exception to the original petition, plaintiff, by supplemental and amended petition, renewed and increased its demand against defendant. In its supplemental and amended petition, plaintiff prayed for an attachment and a citation to the defendant. Plaintiff did not rely on the writ originally issued and cause another seizure to be made under it, but resorted to a new attachment. The original writ was entirely abandoned and, in taking out the new writ, plaintiff complied with all the formalities necessary to give it validity as a separate and distinct proceeding. Proper service of citation was made upon the defendant corporation in accordance with the prayer attached to the supplemental and amended petition.

Plaintiff's action in renewing its demand against defendant, even for an increased amount, had the same effect as the filing of a new suit. Bass v. Baskowitz, 170 La. 779, 129 So. 201; Williams v. Ralph S. Miller Shows, 198 La. 870, 5 So.2d 135.

The defendant's contention that the supplemental and amended petition changed the substance of plaintiff's demand as set forth in the original petition is not well founded.

■ At the time the supplemental and amended petition was filed, with leave of court, no pleadings of any kind had been filed by the defendant, Philip Freitag, Inc. Article 419 of the Code of Practice declares that after issue has been joined the plaintiff may amend his petition with leave of Court, provided he does not alter the substance of his demand so as to make it different from the one originally brought. The language of the article has been construed to mean that there is no such restriction on the right of a plaintiff to amend his petition before issue is joined. Self v. Great Atlantic & Pacific Tea Co., 178 La. 240, 151 So. 193, and authorities therein cited.

■ Defendant's contention that the sales from Freitag, Inc., to Lutwick and from Lutwick to the Empire Contracting Company, Inc., could not be collaterally attacked and that Lutwick and the Empire Contracting Company, Inc., should be made parties to the suit is not well founded.

The case of Chronos Land Co. v. Chrichton, 150 La. 963, 91 So. 408, is not applicable to the issues involved in this

case. In the Chronos case, the plaintiff was claiming certain real estate under a chain of title which included the sales that defendant collaterally alleged were obtained by misrepresentation and without payment of the purchase price. In this case, Freitag, Inc., is not claiming to be the owner of the property seized under the attachment, but on the contrary, alleges that the property belongs to the Empire Contracting Company, Inc., the assignee of Lutwick. In these circumstances this case is governed by the ruling made in the case of Carney v. Security Credit Corporation, 172 La. 911, 135 So. 915.

In the Carney case, plaintiff sued on a promissory note and set up by supplemental petition that the defendant had disposed of all its unincumbered property with intent to defraud its creditors. He asked that a writ of attachment issue and that certain property be seized. The defendant filed an exception of no cause of action to the petition, which exception the parties elected to treat as a motion to dissolve. The exception was maintained and the supplemental petition was dismissed. This Court held that the trial judge erred—that the allegations of the supplemental petition, if true, justified the issuance of the writ of attachment. In announcing its ruling, the Court commented as follows:

"As to the fact that the property attached under the writ may be the property of a third person or in his possession, or was not liable to seizure in the hands of such third person, except after certain proceedings (all of which is urged by defendant), we are of opinion that the defendant has not the least interest in that. If the property belongs to any third person, or is claimed by him, or cannot be attached in his hands except after certain proceedings, all that concerns such third person alone, and not this defendant, who has not the slightest interest therein, and cannot champion the rights of such third person. Williams v. Williams, 26 La.Ann. 644; British & American Mortgage Co. v. Ralston, 38 La.Ann. 593, 598."

In the present case, plaintiff alleges that the defendant, Freitag, Inc., has attempted to dispose of its property through simulated sales for the purpose of concealing its property and placing it beyond the reach of its creditors. Plaintiff also charges that the defendant, Freitag, Inc., was about to remove the property from the jurisdiction of the court without there being a possibility, in the ordinary course of judicial proceeding, for plaintiff to obtain and execute a judgment by seizure of the property. Plaintiff does not recognize the ownership of Benjamin Lutwick nor the Empire Contracting Company, Inc., the parties to the alleged simulated sales, but it has caused the property to be attached under the charge that it belongs to Freitag, Inc., the defendant. The allegations of plaintiff's supplemental petition, if true, support the issuance of the writ of attachment.

The defendant, Freitag, Inc., has no interest in the property, if in fact it belongs to Benjamin Lutwick, or to the Empire Contracting Company, Inc. Defendant cannot champion the rights of these parties.

■ Benjamin Lutwick or the Empire Contracting Company, Inc., has the right to intervene in the suit and set up their ownership of the property. Code of Practice, Art. 364. They, or either of them may, if they so desire, bond the attachment. Act No. 51 of 1876.

For the reasons assigned, the judgment under review so far as it maintains the exception to plaintiff's original petition is affirmed, but so far as it maintains the exceptions to plaintiff's supplemental petition, the judgment is set aside. It is now ordered that the exceptions filed by the defendant, Philip Freitag, Inc., to the supplemental petition of the plaintiff, Martin-Owsley, Inc., be overruled and that the case be remanded to the district court for further proceedings in accordance with the views herein expressed, without prejudice to the rights of any third person or persons claiming the ownership of the property attached. Costs of this proceeding are to be paid by the defendant, Philip Freitag, Inc.; all other costs to await the final determination of the suit.