Counsel for defendants call our attention to what is a palpable error in the decree herein handed down on March 6, 1944, awarding the defendants attorneys fees for dissolution of the writ of attachment issued herein on May 26, 1941. In the decree judgment in the sum of $150 is awarded in favor of the defendants and against the plaintiff, Mrs. Rachel Williams, individually and in her capacity as natural tutrix of her minor daughter, Donna Mae Williams, and also against McKinley Demars, surety on the attachment bond.
Reference to the original opinion herein handed down and now officially reported 15 So.2d 249, recalls the fact that this writ of attachment, like the first which had been issued, was attacked by the defendants on the grounds of the pecuniary insufficiency of the surety on the bond. Pending the trial of the rule to dissolve the writ, plaintiff offered and filed a new bond signed by T.W. Dunnington, as surety. A controversy over the filing of this last bond arose which finally reached the Supreme Court, all as shown in our original opinion, and resulted in an order by that court maintaining the right of the plaintiff to file "as a new or supplemental bond, the bond for $1,000 signed by T.W. Dunnington", with reservation to the defendants to question its validity as to form and substance and pecuniary sufficiency of the surety. The bond was never contested and remained in full force and effect. The rule to test the surety on the first bond was never tried so the practical result, as far as this writ of attachment is concerned, was that there were two bonds, each with a different surety, McKinley Demars as surety on the first, and T.W. Dunnington as surety on the "new or supplemental bond" as it is referred to in the decree of the Supreme Court. See198 La. 870, 5 So.2d 135, 136. The judgment for attorneys fees for dissolution of this writ should therefore operate against both the sureties named instead of against McKinley Demars, only, as heretofore decreed.
Counsel also complain about a statement made in the opinion handed down, concerning the demand made for damages other than attorneys fees. They seem to think that we obtained the impression that they were not earnestly pressing this demand. There is nothing in the opinion handed down on rehearing to justify such an assumption. When a rehearing was granted, it was restricted, as counsel freely acknowledge, to the question of attorneys fees and it was only because counsel, in their brief on rehearing, had referred to the demand for damages, that we made mention of the matter at all.
We think that all issues have been properly disposed of and it only remains for us to amend our decree to make it conform with the views herein expressed.
For the reasons stated it is ordered that the decree herein handed down on rehearing on March 6, 1944, be amended so as to make the judgment in the sum of $150 as attorneys fees awarded in favor of the defendants for dissolution of the writ of attachment issued on May 26, 1941, operative and executory against the plaintiff, Mrs. Rachel Williams, individually, and in her capacity as natural tutrix of her minor daughter, Donna Mae Williams, and also against McKinley Demars and T.W. Dunnington, sureties on the attachment bonds issued in connection with the said writ, in solido, and that as thus amended the same be and stand as the final judgment and decree in the case. *Page 459