LAND, J.
 

 A preliminary judgment by default was confirmed in this case, and judgment was rendered in favor of plaintiff against defendant declaring the pretensions of the defendant to the ownership of the cypress timber on lots 1 and 5 of section 69, township 19 south, range 17 east, situated in the parish of Terrebonne, La., to be a slander of plaintiff’s title, and enjoining and prohibiting defendant, its agents and employees, from trespassing
 
 *848
 
 upon, said lots, either by going upon them or by cutting or removing timber therefrom.
 

 • From this judgment defendant has appealed.
 

 After the case was taken up on confirmation of default, and after the evidence was adduced, it was submitted to and taken under advisement by the court.
 

 Before judgment was rendered in the ease,. a motion to reopen same and an exception of no right or cause of action were filed by defendant.
 

 The motion to reopen the case was denied.
 

 The exception of no right or cause of action was also overruled without a hearing, for the reasons that it came too late and the court was of the opinion that the petition discloses a cause of action.
 

 In an assignment of errors filed in this court, defendant alleges that there has been no legal citation in this case, in that service was not made on the president, vice president, secretary, or director, or other officer authorized by the charter of defendant corporation, or by-law, to receive service.
 

 Section 1 (5) of Act 179 of 1918 provides that: “Service of all legal process on any corporation shall be made in the following manner:
 

 “(a) On any officer designated in the charter as authorized to receive service, and upon any director of • the corporation, or in tbe eases mentioned in paragraph (d) of this section, or the agent of the corporation in charge of the. affairs of the corporation, at the place other than its domicile. This service may be made on the officer, director or agent wherever found.
 

 “(b) In case the officer, director or agent mentioned in paragraph (a) of this section cannot be found, this service may be made upon any other regularly employed officer, agent, or employee of the corporation over eighteen years of age, found in the domiciliary office of the corporation, or in such other office as the corporation may maintain in the parish other than that of its domicile, where suit may be brought in such parish as provided in paragraph (d) of this section.”
 

 The return on the citation recites that service was made on October 24, 1927, by handing certified copies of the citation and of the petition to “Frank P. Guidrox, General Manager' of the said S. Abraham Company, Inc., in person, at it§ domicile in the parish of Lafourche, La., at about fifteen miles from the courthouse of the Parish of Lafourche.” Signed, “L. V. Azemar, D’y. Sheriff.”
 

 This service was not made upon any officer designated in the charter of defendant company authorized to receive service, nor upon any director of defendant company, as required primarily by the statute.
 

 Service upon any other regularly employed officer, agent, or employee of defendant corporation is wholly unauthorized by the statute, unless the officer or director or “agent of the corporation in charge of the affairs of the corporation, at the place other than its domicile,” cannot be found.
 

 The general manager of defendant company at its domicile in Lafourche parish could not be legally served in this case at all for two reasons:
 

 First. Because the return fails to state that neither the proper officers nor any director of defendant corporation could be found.
 

 Second. Because subparagraph (b) of section 1 (5) of Act 179 of 1918 requires that service be made at the “domiciliary office” of the corporation, while the return recites that it was made “at the domicile” of the corporation.
 

 
 *850
 
 It follows, therefore, that the citation issued and served in this case is illegal and invalid, that the preliminary default and confirmation óf same is null and void, and that the rulings made by the trial judge in com nection therewith must be set aside, and the case remanded.
 

 When the preliminary default was entered and the matter was submitted on the confirmation for default, the defendant was not before the court. It had neither been properly cited nor had it voluntarily filed an appearance of any kind whatever.
 

 Defendant voluntarily appeared and excepted on December 10, 1927. By so doing defendant merely made citation unnecessary. Its voluntary appearance was not retroactive or curative in effect, but was the exact equivalent of citation, only as of the day when appearance was made. 4 C. J. par. 41, p. 1352, verbo “Appearances.”
 

 By personally appearing, a defendant subjects himself to the jurisdiction of the court only from the date of such appearance and for future proceedings. His appearance has no bearing or effect on past proceedings. 2 R. C. L. par. 18, p. 335, verbo “Appearances Elder & Davis v. Ludeling, 50 La. Ann. 1077, 23 So. 929; Union Iron & Foundry Co. v. Sonnefield & Emmins, 113 La. 436, 37 So. 20.
 

 As stated in Corpus Juris: “Since the effect of such appearance is to bind the defendant, it necessarily gives him the same standing as if he had been served. Thus he will be entitled to the same time in which to plead; he may take advantage of defects in the complaint, or he may make a default if he chooses so to do.” 4 C. J. par. 39, p. 1348, verbo “Appearances.”
 

 Defendant is therefore entitled to have the exceptions filed by .it set down for trial, argued before, submitted to, and decided by, the trial court, and cannot be foreclosed from that right by any judgment rendered or action taken by the court before defendant was made, or became, a party to the proceedings.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed, and that this case be remanded to the court below and be proceeded with in accordance with the views herein expressed.
 

 It is further ordered that plaintiff pay costs of appeal.