**MOUTON v. FIRST NAT. LIFE INS. CO.**

**No. 1771.**

Court of Appeal of Louisiana.   First Circuit.

Dec. 9, 1937.

Normann & Bethea and H. M. Rouchell, all of New Orleans, and Dan Debaillon, of Lafayette, for appellant.

Welton P. Mouton, of Lafayette, for appellee.

DORE, Judge.

Plaintiff sued the defendant insurance company for $292, interest and cost, on a policy on the life of her deceased son. The citation was addressed to the defendant insurance company, through its local manager, C. E. Gahn, at Lafayette, La., and the citation was served on this manager on April 13, 1937. A judgment was rendered in favor of plaintiff and against the insurance company by default for the amount claimed on April 24, 1937, following.

On April 27th, the defendant filed a motion asking that the judgment be set aside and annulled for the reason that the judgment was rendered without proper citation and without a proper delay for answer; and, in the alternative, defendant asked for a new trial on specified grounds. Counsel for defendant abandoned the motion in so far as it sought to annul the judgment for want of proper citation, and in support of the motion for a new trial, offered in evidence a copy of the charter of the defendant insurance company, showing its domicile to be in the city of New Orleans and designating the officer for service of process as the president, and in his absence or inability to act, upon one of the vice presidents, or the secretary in the order named. The motion for a new trial was overruled, and defendant has taken a suspensive and devolutive appeal from the judgment rendered against it by default.

Counsel for plaintiff contends that inasmuch as the defendant waived that part of its motion seeking the nullity of the judgment, the only matter now up for consideration is the refusal to grant a new trial. But this position is not correct for the reason that defendant has appealed from the judgment rendered against it by default, and not from the order refusing a new trial. The defendant has the right to bring up on appeal the validity of the judgment against it by default, and in case it is shown that the judgment was rendered on a defective or void citation, the appellate court can annul the judgment and remand the case. See Item Co. v. St. Tammany Hotel et al. (La.App.) 175 So.

432

421; Kelly v. Kelleher, 186 La. 51, 171 So. 569.

Under article 165 of the Code of Practice (paragraph 10), as amended by Act No. 156 of 1934, page 521, the plaintiff had a right to bring the suit in the city court of Lafayette, as both she and the deceased insured were domiciled in that city. While the venue of the suit was in said city court, yet that fact would not authorize the service of citation on the local manager or agent. There is quite a difference in fixing the venue of the suit at the domicile of the deceased insured or his beneficiary, and in changing the requirement for service of citation on the proper officers of the insurance corporation. The question therefore arises as to who is the proper person on whom to serve process so as to bind the defendant?

The defendant is a domestic insurance corporation. It is not, therefore, controlled by Act No. 250 of 1928, as that act applies to corporations formed under it or that might have been formed under it. Section 1, par. 1. But under section 2 of the act, an insurance company cannot be formed under the act. It therefore follows that section 37 of that act, which provides for service of process on domestic corporations coming under the act, can have no effect on the service of process on a domestic insurance corporation.

Then when we go to Act No. 179 of 1918, the service of process act, we find that paragraph 5 of section 1 of that act provides the method of service on a domestic corporation. But this paragraph of section 1 of that act was specifically repealed by section 74 of the corporation act, No. 250 of 1928. It is true that the Supreme Court in the case of Buckley v. S. Abraham Co. Inc., 172 La. 845, 135 So. 606, annulled a judgment by default against defendant corporation because the citation had not been served in accordance with section 1, subdivision 5, of said Act No. 179 of 1918. That case was decided in May 1931, at which time this paragraph had been repealed by section 74 of Act No. 250 of 1928, yet however the suit was filed and the citation and service was made long before the repealing law went into effect.

Under these circumstances, service of process on a domestic insurance corporation should be made on the officer designated in its acts of incorporation to receive service as provided for in Act No. 105 of 1898, § 1, par. 3, and section 2 as amended by Act No. 266 of 1916.

The charter of the defendant company designates such officer, and it is shown that the president of the corporation is T. B. Martin. The citation shows that it was served on the local manager at Lafayette, La., who is not the designated and proper officer for service.

It follows, therefore, that the citation issued and served in this case is illegal and invalid, and that the judgment therein obtained is null and void and must be set aside and the case remanded.

It is, for these reasons, ordered that the judgment appealed from be annulled and reversed, and that this case be remanded to the court below and be proceeded with in accordance with law, the defendant being allowed fifteen days from the time this decree becomes final to make such pleas or appearances as it may deem best; the plaintiff to pay the costs of this appeal, all other costs to await the final disposition of the case.