TAYLOR, Judge.
On June 4, 1969, Colonial Buick, Inc., filed a petition against Crescent Chemical Sales, Inc., for $963.14, representing that work was done by plaintiff on defendant’s automobile from June 14, 1968, through August 22, 1968. Plaintiff requested service on defendant through, “ * * * any of it’s proper officers, at 1800 Cypress Street.”
On June 5, 1969, a service was made on defendant, Crescent Chemical Sales, Inc., “ * * * thru Wardell Sexton, Male employee * * * ”. On July 14, 1969, another service on defendant was requested, “ * * * thru it’s agent for service of process, Wiley H. Steen, 5828 Fontain-bleau Drive, or Helen Steen, 5828 Fon-tainbleau Drive.” On July 22, 1969, .the return of the Constable reflects that the second service was attempted but not served as the agents for service of process were unknown at 5828 Fontainbleau Drive.
No appearance was made by defendant and on presentation of the Constable’s July 22, 1969 return, showing attempted service on the agents for service of process, an affidavit of correctness of account and non-military status, three invoices and the July 14, 1969 service on the employee, a default was taken, judgment of default being granted on July 29, 1969.
Article 1261 of the Louisiana Code of Civil Procedure enunciates the method for service of process on a domestic or foreign corporation in the following manner:
“Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of *568 the Corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.”
Since the defendant corporation did designate agents for service of process, personal service should have been made on one of them. Assuming the Constable was given the correct address of the agents for service of process and was unable to make a service on them because of a reason contained in Article 1261, then and only then did plaintiff have a right to utilize the appropriate provision of LSA-C.C.P. art 1261 and obtain service through an employee of suitable age and discretion. Buckley v. S. Abraham Co., 172 La. 845, 135 So. 606 (1931); Martin-Owsley, Inc., v. Philip Freitag, Inc., 202 La. 554, 12 So.2d 270 (1943).
This however was not done. The first service was made under Article 1261(2) by personal service, “ * * * on an employee of suitable age and discretion, one Wardell Sexton, Male employee.” It was not until July 22, 1969, that an attempt was made to serve the registered agents for service of process. Only at this time, when the Constable reported that the agent’s presence was unknown at the address given, did the plaintiff have any right under Article 1261(2) to effect other service. Not thereafter having proceeded to serve the defendant under Article 1261(2), the plaintiff, in our opinion, did not have proper service. It might be noted at this time that counsel for plaintiff-appellee was not counsel of record at the time these services were attempted.
For the reasons assigned, the judgment appealed from is annulled and set aside and it is now ordered that there be judgment in favor of the defendant, Crescent Chemical Sales, Inc., and against the plaintiff, Colonial Buick, Inc., dismissing the latter’s suit without prejudice; all costs to be paid by Colonial Buick, Inc.
Annulled and set aside; suit dismissed without prejudice.