378 So.2d 185 (1979)
William K. GAMBLE, Jr., Plaintiff, Appellee,
v.
Walter O. CARTER, and U. S. Suzuki Motor Corporation, Defendants, Appellants.
No. 12850.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Paul R. Maddox, Metairie, for plaintiff, appellee.
*186 Ronald A. Seale, Baton Rouge, for defendants, appellants.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is an appeal by defendants, Suzuki Motor Corporation and Walter O. Carter from a confirmation of default judgment.
The issues are the sufficiency of service on Suzuki Motor Corporation and the sufficiency of the proof of fraud against both defendants.
We reverse.
Suzuki, a foreign corporation, has failed to designate an agent for service of process.
C.C.P. Art. 1261[1] requires personal service. Suzuki was served by leaving a copy of the petition with Mr. Carter's wife at his residence. While he is an agent of Suzuki, the law makes no provision for service on a corporation by effecting domiciliary service on an agent.[2]
Defendants were sued because of fraudulent promises and misrepresentations concerning the franchise of a Suzuki dealership. Fraud ordinarily cannot be predicated on an unfulfilled promise or statement of future events without proof of absence of intention to fulfill the promise at the time it was made. Polusky v. Allstate Petroleum, Inc., La.App. 180, So.2d 815 (4th Cir. 1965). This was not proved. As a matter of fact the proof to the contrary preponderates.
Additionally, we find Carter to be a disclosed mandatary of Suzuki Motor Corporation. As such he cannot be held personally liable absent special circumstances neither alleged nor proved. C.C. 3012, 3013. See Neiman-Marcus Co. v. Viser, (La.App. 2nd Cir. 1962) 140 So.2d 762.
The judgment is reversed at appellee's costs.
REVERSED AND REMANDED.
NOTES
[1] C.C.P. Art. 1261:

"Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
"If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
"(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
"(2) By personal service on any employee of suitable age and discretion."
[2] Rue v. Messmer, 332 So.2d 591 (La.App. 4th Cir. 1976).