C. LENTON SARTAIN, Judge.
This litigation concerns the validity of service and citation. The defendant, Beaver Productions, Inc. (Beaver), appeals from a judgment dismissing its suit to annul a default judgment against it. We reverse and render.
The procedural facts are: Angelo G. Sil-vestri instituted suit against Beaver for penalties and attorney’s fees in connection with delayed payment of past due wages. R.S. 23:631 and 632. Purported service and citation were made on Beaver under the provisions of C.C.P. arts. 1261 and 1262 below. Judgment by default was entered in Silvestri’s favor on September 22, 1977. Silvestri then levied upon the assets of Beaver at the Bank of New Orleans, New Orleans, Louisiana. Beaver, averring that this was its first knowledge of the suit, brought the instant action to annul the judgment based, inter alia, on faulty service and citation. The seizure of Beaver’s assets was enjoined and the matter proceeded to trial on the merits. Beaver’s claim of defective service and citation was denied, the preliminary injunction was vacated, and this sus-pensive appeal followed.
The applicable codal provisions are C.C.P. arts. 1261 and 1262, which provide:
Article 1261:
“Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
“If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of citation or other process may be made at any place where the business of the corporation is regularly conducted either:
“(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or “(2) By personal service on any employee of suitable age and discretion.”
Article 1262:
“If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a *837 person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.”
Beaver is a domestic corporation, domiciled in the Parish of Orleans. At the time of the filing of the original suit (June 24, 1977) the records in the office of the Secretary of State reflected that the corporation’s registered address was 8200 Hampson Street, New Orleans, Louisiana, and its agents for service of process were shown as Donald H. Fox and Brian J. Glynn. Their respective addresses were also shown as 8200 Hampson Street. Beaver had failed to designate a later change of address.
Beaver had in fact some three years earlier moved its offices to 323 Dauphine Street in New Orleans. It also maintained and used a warehouse on Tchoupitoulas Street in the City of New Orleans.
The Deputy Constable, First City Court, Parish of Orleans, designated to effect service on Beaver, testified that he made some 10 to 15 trips to Hampson Street when finally someone there told him that Beaver had moved. After some consultation between himself, his superior, and counsel for plaintiff, he was advised to try the warehouse on Tchoupitoulas Street. His repeated efforts there were also unsuccessful. He was then advised to signify his failure to make service “after due and diligent search” and return the papers to the Court for service through the Secretary of State under C.C.P. art. 1262, above. This officer further testified that he did not look in the New Orleans telephone directory, but followed his “Blue Book”, which continued to show the Hampson Street address for Beaver and its agents. He overheard some discussion in his office about the Dauphine Street address but was not requested to attempt service there nor did he do so.
Plaintiff Silvestri testified that in the preceding 18 months he had been to the Dauphine Street offices on approximately three occasions and had telephoned and talked to one of the corporate officers at that address on several other occasions. The last such occasion was about one week before suit was filed when he made verbal demand for his wages. His registered demand letter was addressed to and the return receipt therefor was from the Dau-phine Street address.
Under these facts the issue is whether the constable satisfied the “diligent effort” requirement of C.C.P. art. 1262, above. We think not.
Were it not for the particular facts of this case we would be inclined to affirm. The purpose and requirements of R.S. 12:104[1] are to prevent and eliminate the difficulties encountered herein with respect to the location of domestic corporations and their agents for service of process. However, where the plaintiff is well aware of the location of the corporate defendant’s *838 principal office, he is obliged to notify his counsel. In turn counsel is obliged to notify the serving officer. In the instant matter a simple telephone call would have resolved the dilemma.
Simply stated: Service and citation on a corporate defendant whose address is well known to the plaintiff and, to a lesser degree, to the serving officer, cannot be made on the Secretary of State under the provisions of C.C.P. art. 1262, above. The essential requirement of “diligent effort” has not been satisfied and any judgment rendered thereon without subsequent personal appearance by the defendant may be annulled. C.C.P. art. 2002(2).[2]
For these reasons the judgment of the trial court is reversed and judgment is rendered herein in favor of Beaver Productions, Inc. and against Angelo G. Silvestri, decreeing null and void the default judgment of September 22,1977 against Beaver Productions, Inc., in favor of Angelo G. Silvestri, in Suit No. 200-381 Sect. “C” on the docket of the First City Court, Parish of Orleans, New Orleans, Louisiana.
All costs of these proceedings are assessed against Angelo G. Silvestri.

REVERSED AND RENDERED.

. R.S. 12:104 reads:
“A. Every corporation shall continuously maintain an office in this state, to be known as its registered office. The location and post office address of the original registered office shall be stated in the initial report, as provided in R.S. 12:101.
“B. After incorporation, a change in the location of the registered office may be authorized at any time by the board of directors. Within thirty days after the change is made, notice of the change, and of the post office address of the new registered office, shall be filed with the Secretary of State and with the recorder of mortgages of the parish in which the new office is located. If the registered office should be vacated by the corporation, a new registered office shall be designated by the board, and notice of the change and of the post office address of the new office filed with the Secretary of State and with the recorder of mortgages of the parish in which the new office is located, within thirty days. The designation of a registered office shall remain effective until a change is made therein, and notice of the change is filed in the manner hereinabove provided; except that if no notice of change is filed within thirty days after the registered office has been vacated, the office of the Secretary of State may thereafter be treated as the registered office by any person other than the corporation itself. If the registered office is changed from one parish to another, the notice of change shall be filed with the recorder of mortgages of both the parish from which and that to which the registered office is removed. The registered office shall be considered the domicile of the corporation for all purposes.”

. C.C.P. art. 2002(2) reads:
“A final judgment shall be annulled if it is rendered:
# # jfc # # #
“(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken ...”