447 So.2d 1223 (1984)
Allen ROUYER
v.
BLUE CROSS OF LOUISIANA, INC.
WESTBANK MEDICAL CENTER LIMITED, d/b/a Jo-Ellen Smith Memorial Hospital
v.
Allen Paul ROUYER and Cheryl Ann Rouyer, in Solido.
LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY
v.
Allen ROUYER.
Nos. 83 CA 612 to 83 CA 614.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
R. Patrick Vance, Carl D. Rosenblum, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee.
Marcella M. Ziifle, Gretna, for plaintiff-appellant.
Clarence F. Favret, III, Favret, Favret, Demarest & Russo, New Orleans, for plaintiff-appellee.
Before KLIEBERT, CURRAULT and GAUDIN, JJ.
*1224 KLIEBERT, Judge.
This is a devolutive appeal brought by Allen Rouyer, defendant. He appeals a judgment of the trial court granting a preliminary injunction which prohibits the enforcement of a default judgment rendered against Blue Cross of Louisiana, Inc. The preliminary injunction was prayed for pending the hearing on the merits of an action to annul the default judgment for vices of form and substances under LSA-C. C.P. Articles 2002-2006.
To prevail at a hearing on a motion for a preliminary injunction filed pursuant to LSA-C.C.P. Article 3601, the party requesting same must show irreparable injury and make a prima facie showing he will prevail on the merits of his case. In Re Matter of Kenilworth Ins. Co., 428 So.2d 1187 (La. App. 5th Cir.1983) writ denied, 434 So.2d 1095. In the trial court, Louisiana Health Service and Indemnity Company (LHSIC), d/b/a Blue Cross of Louisiana (hereafter Blue Cross) contended the default judgment is a nullity under LSA-C.C.P. Article 2002 because the defendant, Blue Cross of Louisiana, Inc., is a non-existent corporation which has not been served with process as required by law. It further contends the judgment should be annulled for fraud or ill practices, as defined by LSA-C. C.P. Article 2004 because counsel for defendant had verbally and voluntarily agreed to an extension of time in which to plead. The trial judge concluded Blue Cross made a prima facie showing the default was invalid for vices of form and substance and hence was entitled to the preliminary injunction. For the reasons which follow, we affirm.
In the hospitalization of his daughter, Rouyer incurred medical expenses of $42,200.00 with the West Bank Medical Center, Limited, d/b/a the Jo Ellen Smith Memorial Hospital. As a federal employee, Rouyer was insured under the Federal Employees Program for specified medical and hospital benefits. By contract with the FEP, the Blue Cross Association and the Blue Shield Association (the providers of the Blue Cross and Blue Shield Plans) agreed to provide the Government Wide Service Benefit Plan authorized by the Federal Employees Health Benefit Act, 5 USA, Section 8901 et seq. On Rouyer's behalf, the hospital made repeated claims with the insurance provider. Four months after Rouyer's daughter was discharged from the hospital, the insurance provider paid $14,825.00 on the claim and denied liability for the remaining claim of $25,206.00.
Pursuant to the plans provisions for administrative review, in April 1981 Rouyer applied for review of the denied portions of the claim. On August 17, 1982, while the reviews were still pending, Rouyer filed, under Docket No. 270-699 of the 24th Judicial District Court, a petition for breach of contract against Blue Cross of Louisiana, Inc. alleged to be an insurance company doing business in Louisiana (without specifying whether it was a foreign or domestic insurance company) for $25,206.60 and asked that the petition be served on Blue Cross of Louisiana, Inc. through the Secretary of State.
Upon being served, the Secretary of State, on August 20, 1982, forwarded a copy of the petition to Mr. Hampden R. White, who was one of the agents for service of process of LHSIC, and to Mr. Jack C. Groner, Senior Vice-President and corporate legal counsel for Blue Cross. On September 9, 1982, counsel for Rouyer moved for and obtained a preliminary default against Blue Cross of Louisiana, Inc.
At the hearing for the preliminary injunction, Mr. Groner testified he had a phone conversation with Ms. Ziifle, Rouyer's counsel, on September 13, 1982. Although she admits receiving the telephone call, there is substantial dispute between them as to the nature of the conversation. Further, all parties admitted that on September 17, 1982 there was a telephone conversation between Mr. Wellman, who had been retained as counsel for Blue Cross, and Rouyer's counsel. Mr. Wellman contends he requested and was granted time in which to plead but was unaware a preliminary default had been taken. Ms. Ziifle denies there was a request for an extension *1225 of time in which to plead. Rather, she says Mr. Wellman was aware a preliminary default had been taken and stated he would file an answer the following Monday.
On September 28, 1982, which was several days after the Monday Ms. Ziifle contends the answer was to be filed, she confirmed the preliminary default previously taken on September 9, 1982.[1] The default judgment was not served or furnished to Blue Cross or its counsel. Notwithstanding the default judgment, Mr. Wellman filed an answer to the suit on October 6, 1982. Ms. Ziifle admits receiving a copy of same. On December 7, 1982, after all delays for an appeal had expired, Ms. Ziifle wrote to Blue Cross demanding payment of the default judgment. According to them, this letter was their first notice of the default judgment's existence.
La.C.C.P. Article 2002(2) provides in pertinent part as follows:
"A final judgment shall be annulled if it is rendered:
* * * * * *
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;...."
We consider first the nullity of the default judgment under the quoted article because it was rendered "against a defendant who has not been served with process".
Blue Cross contends the service made on Blue Cross of Louisiana, Inc. through the Secretary of State was not a valid service. The trial judge concluded and we agree the attempted service on the Secretary of State was invalid. LSA-R.S. 22:985, providing for the appointment of the Secretary of State as an agent for service of process applies only to a foreign insurance company, hence, it is not applicable here. Under LSA-C.C.P. Article 1262, service can be made on the Secretary of State only after diligent effort to first effect service on the corporation in the manner provided in LSA-C.C.P. Article 1261. Here, Rouyer's counsel made no effort to determine the name of the insuring corporation, nor did she make any effort to effect a service on the corporation's agent. Had she made such efforts, she would have learned there was no corporation using the name Blue Cross of Louisiana, Inc. Under a factual situation similar to that present here, the Fourth Circuit annulled a default judgment because plaintiff attempted to serve the Secretary of State notwithstanding his personal knowledge of the address of the corporation but made no effort to effect a service on the corporation at that address. Silvestri v. Beaver Productions, Inc., 394 So.2d 836 (La.App. 4th Cir.1981).
As an alternative argument, Rouyer contends the filing of an answer submitted the defendant to the jurisdiction of the court, hence, the failure to effect a valid service is immaterial. The trial judge did not agree nor do we, because an answer filed after the confirmation and entry of a default is of no consequence and has no legal effect. Aswell v. U.S. Fidelity & Guaranty Co., 244 So.2d 243 (La.App. 3rd Cir.1971). Further, even if we considered the answer as a general appearance which "joined issue" retroactively, this would also constitute a bar to the default judgment.
Next we consider the second ground for nullity under LSA-C.C.P. Article 2002(2), i.e., when a valid judgment by default has not been taken.
The trial judge found and we agree with his finding that "Blue Cross of Louisiana, Inc." is a non-existent corporate entity. However, counsel for Rouyer argues LHSIC, in the eyes of the consumer, is recognized as "Blue Cross of Louisiana" and, hence, an action brought against Blue Cross of Louisiana, Inc. is the same as an action against LHSIC. In support of her position she points to instances where LHSIC made appearances to defend actions *1226 brought against an entity referred to as "Blue Cross". However, the fact LHSIC may have chosen not to contest service under an improper name in other proceedings does not preclude it from contesting it here. In the absence of a default judgment, LHSIC may well have waived the invalid service, but, where as here, it is prevented from defending the suit by a default judgment it is justified in asserting its rights to have the default judgment annulled because obtained without valid service.
Here and in the trial court, counsel for LHSIC argues the default judgment would be invalid for fraud and ill practice as defined in LSA-C.C.P. Article 2004. The trial judge found the facts as to the ill practice were in hopeless confusion and refused to consider this as grounds for nullity. After a careful review of the record, we agree the testimony of each counsel on the crucial question of whether an extension of time to plead was voluntarily granted is diametrically opposed. However, since LHSIC has made a prima facie showing the default judgment is a nullity under the provisions of LSA-C.C.P. Article 2002(2), we need not pass on the question.
For the reasons stated, therefore, the judgment of the lower court is affirmed. All costs of the appeal are to be borne by the appellant.
AFFIRMED.
NOTES
[1] On September 29, 1982, Westbank Medical Center, d/b/a Jo Ellen Smith Memorial Hospital, filed suit under Docket No. 272-475 of the 24th Judicial District Court for the unpaid portion of the hospital bill.