DOUCET, Judge.
This is an appeal by defendant, Clifton Briley, Inc., from a confirmation of default judgment.
The issue on appeal is sufficiency of service on defendant. We reverse and remand.
The plaintiff brought suit against Clifton Briley, Inc. on an open account. The petition alleges that the defendant was a Louisiana corporation. A request was made that service be made upon Clifton Briley, the defendant’s registered agent for the service of process.
*692 Code of Civil Procedure art. 1261[1] requires personal service. The defendant corporation, however, was served by leaving a copy of the petition with Mr. Briley’s wife at his residence. The law makes no provision for service on a corporation by effecting domiciliary service. Gamble v. Carter, 378 So.2d 185 (La.App. 1st Cir. 1979). The service in this case was insufficient and the proceedings are null. La.C. C.P. art. 1201.
For these reasons, the judgment of the trial court is reversed and set aside. The suit is remanded for further proceedings according to law. The plaintiff-appellee is to pay costs of this appeal.
REVERSED AND REMANDED.

. C.C.P. Article 1261 provides:
"Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion." (Emphasis added.)