CHEHARDY, Chief Judge.
This is an appeal by Carl H. Neuenhaus, d/b/a Luxury Leasing and Daily Rental, from a judgment annulling a prior default judgment in his favor against Scott Fence Industries, Inc.
Neuenhaus, plaintiff in the original suit and defendant in the action to annul, obtained the default judgment against Scott Fence on March 11, 1985. Shortly thereafter Scott Fence filed suit to annul the default judgment, on the ground of invalid service of process. On December 4, 1985 the district court rendered judgment finding the earlier judgment null and void.
At issue is the sufficiency of service on an employee at the corporation’s principal place of business, rather than on the corporation’s registered agent for service of process.
The facts are undisputed:
The Secretary of State’s records list the only registered agent for service of process for Scott Fence Industries, Inc. as Boyce G. Scott, 133 Grafton Drive, Slidell, Louisiana 70458. The corporation’s domicile is shown as Post Office Box 1122, Highway 11 North, Slidell, Louisiana 70458. Its princi *1134 pal place of business is admitted by the litigants to be 9800 West Bank Expressway, Bridge City, Louisiana.
The citation on Neuenhaus’ petition prayed for service as follows: “SCOTT FENCE INDUSTRIES, INC., THROUGH ITS AGENT FOR SERVICE OF PROCESS, BOYCE G. SCOTT, 133 FRASTON DRIVE, SLIDELL, LOUISIANA 70458 (OR) AT PLACE OF BUSINESS: 9800 WESTBANK EXPWY., BRIDGE CITY, LA.”
Abdon A. Boudreaux Jr., the Jefferson Parish Deputy Sheriff who served the petition, testified he assumed service had already been attempted without success in Slidell (which is in St. Tammany Parish and therefore outside Boudreaux’s jurisdiction). Accordingly, he took the citation and petition to the Bridge City address.
Boudreaux was acquainted with Grover C. “Bubba” Tetter, the manager of Scott Fence’s Bridge City office, and Tetter had accepted citations from Boudreaux many times before. On this occasion, Boudreaux asked for Boyce Scott at the Bridge City address. Tetter told him that Mr. Scott very seldom came to the Bridge City office, whereupon Boudreaux served the subpoena on Tetter.
There is nothing in the record to indicate any attempt was ever made to serve Boyce Scott at his Slidell address. The district judge found this service insufficient and annulled the default judgment pursuant to LSA-C.C.P. art. 2002(2), which provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance.
LSA-R.S. 12:104 requires every corporation to maintain continuously in this state at least one registered agent for service of process. The agent may be an individual, a law firm or a business corporation. The agent’s full name and post office address must be stated in the initial report; the secretary of state and the recorder of mortgages for the parish of the corporation’s domicile must be notified of any change in the agent’s address. The secretary of state and each recorder of mortgages are required to maintain for public inspection a permanent record of registered offices and agents, showing all changes therein and the date of such changes.
LSA-C.C.P. art. 1261 provides that service of process on a corporation is made by personal service on any one of its agents for service of process. If the corporation has failed to designate an agent or if the designated agent has died, resigned or been removed, then service may be made “at any place where the business of the corporation is regularly conducted,” either by personal service on any officer, director or resident agent or by personal service on “any employee of suitable age and discretion.”
A plaintiff must first make a diligent effort to serve a corporation’s registered agent for service of process before using an alternative form of service on a corporation. See LSA-C.C.P. arts. 1261, 1262; Rouyer v. Blue Cross of Louisiana, Inc., 447 So.2d 1223 (La.App. 5 Cir.1984); Silvestri v. Beaver Productions, Inc., 394 So.2d 836 (La.App. 4 Cir.1981).
In Colonial Buick, Inc. v. Crescent Chemical Sales, Inc., 240 So.2d 567 (La. App. 4 Cir.1970), the court held that where a corporation has designated agents for service of process, personal service should be made on one of them. Where service cannot be made for one of the reasons listed in C.C.P. art. 1261, then and only then may plaintiff employ the alternate method of serving an employee of the corporation.
In Bandai America, Inc. v. Summa Mgmt. Corp., 413 So.2d 221 (La.App. 4 Cir.1982), the court upheld service on an employee of the defendant corporation after the plaintiff first made several attempts to serve the corporation’s registered agent, but was unable to do so because the agent was unknown at the addresses listed.
Because Article 1261 requires personal service on the corporation’s agent, domiciliary service of an agent has been held *1135 insufficient. Gamble v. Carter, 378 So.2d 185 (La.App. 1 Cir.1979).
The appellant here, however, asserts the service here is effective, although there was no attempt to serve the registered agent at his registered address, because Mr. Tetter had advised the deputy that the registered agent was not available and because Tetter had accepted service from that same deputy on numerous prior occasions.
We disagree. The appellant failed to show that the registered agent was unavailable for service of process. There was no attempt made to serve him at his registered address. The fact that he was not available at the corporation’s principal place of business is irrelevant. Under the provisions of R.S. 12:104, the person or legal entity designated as a corporation’s registered agent for service of process may be someone having no other connection with that corporation. Obviously, that is why the corporation is required to list an address for the agent for service of process.
Nor do we find merit to appellant’s contention that the corporation had tacitly and impliedly appointed Mr. Tetter as one of its agents for service of process, making service on Tetter effective as to the corporation. Deputy Boudreaux testified that Tetter had accepted citations from him for other lawsuits against Scott Fence and that Tetter had informed Boudreaux he was the man to accept service. Tetter admitted he was never specifically authorized by Scott Fence to accept service, but was under the impression it was part of his job to do so. He said Deputy Boudreaux told him that he could serve the papers on anyone in the Scott Fence Industries organization.
Neuenhaus argues that Tetter had apparent authority to accept service. There is no showing, however, that Neuen-haus was under the impression that Tetter could be served instead of the registered agent — only that Deputy Boudreaux was under that impression. Boudreaux was not a party to the suit and we find no reason to impute his knowledge to Neuenhaus under the circumstances here.
There is nothing to indicate that Neuen-haus had any knowledge of the other lawsuits; indeed, Scott Fence may have pleaded exceptions to service in those suits for all we know. Had Neuenhaus shown that diligent attempts had been made first to serve the registered agent, then the service on Tetter might have been effective.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.