517 So.2d 898 (1987)
Lloyd MURDOCK, et ux., Plaintiffs-Appellees,
v.
BRITTCO, INC., et al., Defendants-Appellants.
No. 86-822.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
*899 William R. Boone, Many, for plaintiffs-appellees.
F. Clay Tillman, Leesville, for defendants-appellants.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
Plaintiffs, Lloyd A. and Phyllis D. Murdock, filed suit against defendants, Brittco, Inc. and Mary Mitchell Merritt, on November 5, 1984, seeking the dissolution of an oil, gas and mineral lease; a temporary restraining order (TRO), and injunctive relief prohibiting further operations under the lease; and, damages in the amount of $5,000.00. The petition requested service on Brittco, Inc.[1] at the address "Many, Louisiana 71449" and on Mary M. Merritt at the address "Fisher Road, Many, Louisiana 71449".
The trial court granted the requested TRO and fixed a hearing on the motion for a preliminary injunction for November 28, 1984. Mary M. Merritt was personally served. Service on Brittco was made by delivery of citation to Ms. Helen Morris Rains, the secretary-treasurer of Brittco, at 720 San Antonio, Many, Louisiana. On November 26, 1984, plaintiffs took a preliminary default against both defendants.
Ms. Rains ultimately delivered the served papers to Warren Marlin Britt, who apparently contacted an attorney, Henry C. Gahagan, sometime prior to the scheduled November 28, 1984 hearing. Presumably, Gahagan contacted plaintiffs' attorney, William R. Boone, requesting a continuance of the November 28, 1984 hearing. On November 28th, plaintiffs' counsel, Mr. Boone, appeared in court and obtained a continuance of the hearing and an extension of the TRO. The record reflects no general appearance, at any time, by either defendant or counsel appearing on their behalf. By confirmation of the default previously taken, plaintiffs, on December 20, 1984, secured a judgment against both defendants awarding plaintiffs all the relief for which they had prayed. This judgment, insofar as it affects Mary M. Merritt, is now final.
On March 13, 1985, Brittco filed a petition seeking annulment of the judgment of December 20, 1984, and an injunction restraining its enforcement. The sole basis for the relief sought is that the attempted citation and service of process on Brittco, through Ms. Helen Morris Rains, was invalid rendering the December 20, 1984 judgment an absolute nullity. La.C.C.P. art. 2002(2). A hearing on Brittco's request for injunctive relief was held March 28, 1985, following which, on April 8, 1985, a preliminary injunction was issued.
Trial of the petition to annul was not held until January 23, 1986. The Murdocks contended that service on Ms. Rains was effective service of process on Brittco because the latter's registered agent, Warren Marlin Britt, had verbally appointed Ms. Rains as his agent to receive service of process both individually and as registered agent for Brittco. Deputy Wayne Self of the Sabine Parish Sheriff's Department testified that Britt had told him that any papers which Self needed to serve on Britt could be left with Ms. Rains at Rains' Western Wear in Many and that he had done so on several occasions. Self could not remember if any of the papers had been for Brittco. Self further stated that he could not remember Britt ever specifically telling him that Brittco could be served through Ms. Rains, nor did he know the officers or the agents for service of process of Brittco. On cross-examination, Deputy Self stated that when serving papers *900 on a corporation, if he did not know the registered agent for service of process, "I usually get the name of whoever I give it to at the corporation, and I mark it as domiciliary service served through that person". When asked about the Brittco service, Deputy Self stated, "I used domiciliary service on this paper ...".
Ms. Helen Rains testified that she was not nor had she ever been a registered agent for service of process for Brittco and that the registered agents, Warren Marlin Britt and Don Burkett, had never authorized her to accept service for Brittco. She did, however, admit accepting papers for Britt in the past. Britt testified that he had told Deputy Self that rather than going to all the trouble to "track him down", he could leave word with Ms. Rains at her store and Britt would then contact Self. Britt did admit that he had in the past accepted service that Self had left for him with Ms. Rains, but denied that Brittco had ever been served in this manner.
Plaintiffs alternatively argued that, even if the service on Brittco was insufficient, such objection was waived as the contact by Gahagan of Boone requesting a continuance of the original hearing constituted a general appearance under La.C.C.P. arts. 6 and 7. This argument is without merit. No written pleading was filed and no appearance in court was made by Brittco or anyone on behalf of Brittco until the corporation filed its petition seeking to annul the judgment of December, 1984. Although the hearing fixed for November 28, 1984 was continued, the motion to continue was made by and granted to counsel for the Murdocks. Under these circumstances, Brittco did not make a general appearance within the purview of La.C.C.P. art. 7.
In its written reasons for judgment the trial court correctly stated:
"C.C.P. article 1201 provides:
`Citation and service thereof are essential in all civil actions except summary and executory proceedings without them all proceedings are absolutely null.'
Where a corporation is a party service must be made upon a registered agent, if registered agents have been designated. Article 1261 of the Louisiana Code of Civil Procedure.
Service of process directed to a corporate defendant and made on one other than the person authorized to accept such service is illegal and without effect. Conner vs. Continental Southern Lines, Inc., 294 So.2d 485.
In the instant case two registered agents of the defendant corporation had been designated both were living and resided in Many, Louisiana. Either could have been served. However, neither one of them was served."
The court then erroneously concluded:
"The Court considers Code of Civil Procedure Article 1235[2] and Civil Code Article 2992[3] applicable in this case, and adopts Plaintiff's memorandum in this connetion.
For these reasons the petition of Brittco, Inc., to annul judgment is denied, at its costs."
On July 11, 1986, judgment was rendered dismissing Brittco's petition to annul along with the following supplemental reasons for judgment:
"Brittco, Inc. is essentially a one-man corporation, namely, Marlin Britt, one of its designated agents for process. It is well known locally that Mr. Britt and Mrs. Helen Raines [sic] are friends and business associates. Mrs. Rains was always at her local place of business and Mr. Britt, an extremely active individual was in and out a great deal. This is why he instructed the Sheriff to serve all citations meant for him on Mrs. Helen *901 Rains. This was a clear mandate to the sheriff and the one he operated under in serving citations meant for Mr. Britt, and Mr. Britt did in fact receive the citation."
It is from the July 11, 1986 judgment that Brittco appeals.
The record confirms correctness of the trial court's conclusion that Brittco is a Louisiana corporation with Warren M. Britt as the sole stockholder; Britt and Don Burkett are its registered agents for service of process; service was made at the listed address for Brittco and Warren M. Britt of 720 San Antonio, Many, Louisiana, but on Ms. Helen Rains, secretary-treasurer of Brittco; and, Britt did direct the Sabine Parish Sheriff's Department through Deputy Wayne Self to serve all citations "meant for him on Ms. Helen Rains". However, we find that the trial court clearly erred when it held that the service on Ms. Rains was effective service of process on Brittco, Inc.
A corporation is not a "person" but an entity which has an existence separate and distinct from its stockholders and officers. La.C.C.P. art. 1235, on which the trial court so heavily relied, is found in Book I, Title II, Chapter 2 of the Louisiana Code of Civil Procedure entitled "Service on Persons" (emphasis ours). In our view, these articles have no application to the articles of the Code of Civil Procedure found in Book I, Title II, Chapter 3 entitled "Service On Legal And Quasi Legal Entities". Although there is support in the record for the trial court's determination that the corporate agent for service of process, Britt, attempted to appoint Helen Rains as his agent to receive citation and service of process on behalf of Brittco, such appointment is invalid and without effect. La.C.C. P. arts. 1261 and 1262 set forth the exclusive [4] methods for effecting service of citation and other process upon domestic or foreign corporations. La.C.C.P. art. 1261 states:
"Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion."
La.C.C.P. art. 1262 states:
"If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address."
There is no provision in either of these articles authorizing domiciliary service upon a corporation. Additionally, our jurisprudence has consistently interpreted these articles to prohibit domiciliary service on a corporation. Scott Fence Industries, Inc. v. Neuenhaus, 490 So.2d 1132 (La.App. 5th Cir.1986); Service Electric of Louisiana, Inc. v. Clifton Briley, Inc., 479 So.2d 691 (La.App. 3rd Cir.1985); Louisiana Bank and Trust Company v. Murcambyr, Inc., 419 So.2d 106 (La.App. 2d Cir.1982), writ denied, 423 So.2d 1148 (La.1982); Gamble v. Carter, 378 So.2d 185 (La.App. 1st Cir. 1979). Furthermore, neither of these two articles contemplate or authorize a corporation's registered agent for service of process to substitute another individual by verbal mandate for the purpose of receiving service of citation or process for the corporation. La.R.S. 12:104 provides the exclusive *902 method for adding, deleting or changing corporate registered agents for service of process.
Thus, although Britt may have validly constituted Ms. Rains as his personal agent to receive service of process in matters brought against him individually, such designation could be and was of no force or effect insofar as Brittco, Inc. was concerned. Since service on Brittco was not made in accordance with law, it follows that the proceedings which resulted in the default judgment against the corporation were null, void and of no effect.
For the foregoing reasons, the judgment of the district court is reversed and it is ordered, adjudged and decreed that the judgment of the trial court rendered in these proceedings in favor of Lloyd A. Murdock and Phyllis D. Murdock, dated December 20, 1984, insofar as it purports to affect Brittco, Inc., is hereby declared null, void and of no force and effect. This matter is remanded to the trial court for further proceedings consistent with the views expressed and according to law. Plaintiffs-appellees are cast with all costs of this appeal. Costs at the trial level will await a final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] The record reflects that Brittco, Inc. is a domestic corporation with two agents for service of process: (1) Warren Marlin Britt, 720 San Antonio, Many, Louisiana 71449, and (2) Don M. Burkett, 805 E. San Antonio Avenue, Many, Louisiana 71449. Further, it is undisputed that the corporation is wholly owned by Warren Marlin Britt.
[2] La.C.C.P. art. 1235 states:

"Service is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative." (Emphasis ours).
[3] La.C.C. art. 2992 states:

"A power of attorney may be given, either by a public act or by a writing under private signature, even by letter.
It may also be given verbally, but of this testimonial proof is admitted only conformably to the title: Of Conventional Obligations."
[4] La.R.S. 13:3471 et seq. set forth supplementary rules, but these do not affect the substance of articles 1261 and 1262.