WHIPPLE, Judge.
This case is before us on appeal from a judgment annulling prior default judgments rendered in favor of Charles E. Brooks against Specialized Industrial Maintenance Corporation.[1] For the following reasons, we affirm the judgment of the trial court annulling the default judgments and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
Charles E. Brooks (Brooks) was involved in an automobile accident on January 13, 1989. On May 18, 1989, he filed a petition for damages in tort against several defendants, including Specialized Industrial Maintenance, Inc. (SIM). Brooks’ petition states that “Defendant Specialized Industrial Maintenance Corporation is a Louisiana Corporation which is actually doing business in the State of Louisiana.” The service instructions directed to this particular corporate defendant requested service on SIM “through any director, officer or employee of suitable age[,] 39386 Babin Road[,] Gonzales, Louisiana 70737.” On May 23, 1989, the petition was personally served on James Baldwin, Jr., SIM’s vice-president, at the address requested in the service instructions.
SIM did not answer the petition or file other responsive pleadings. Thereafter, on September 14, 1989, Brooks filed a Motion for Preliminary Default. On December 5, 1989, judgment was rendered in favor of Brooks and against SIM in the amount of $250,000.00 for general and special damages. On January 15, 1990, the judgment *1049 was amended to include legal interest and costs.
On March 5, 1990, SIM filed a petition to annul the original and amended judgments and a motion and order for appeal.[2] SIM alleged that the judgments should be annulled on the basis that: (1) service was improper because it was not made on its registered agent for service of process as designated in corporate records filed with the Secretary of State; and (2) the previous default judgments were obtained on the basis of fraud and ill practices.[3] A hearing on the petition to annul was held on September 24, 1990, and on September 27, 1990, the trial court rendered judgment annulling the prior default judgments. Brooks appeals, contending that service on SIM through its vice-president was proper and that the court erred in annulling the judgments.[4]
DISCUSSION
The issue presented on appeal is whether service of process was effective when made on the vice-president of a domestic corporation who was not the registered agent for service of process.
LSA-C.C.P. art. 2002 provides, in pertinent part:
A final judgment shall be annulled if it is rendered: (2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken
The applicable rules for service of process on a domestic corporation are found in LSA-C.C.P. art. 1261 which provides, in part:
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.
It is undisputed that at the time the petition was filed and service made herein, SIM had a registered agent for service of process. The testimony of SIM’s president and vice-president and the articles of incorporation and initial report introduced into evidence at the hearing on the petition to annul clearly show that the corporation had designated its president, Percy J. Franklin, Jr., as agent for service of process at 9386 Southlawn Drive, Baton Rouge, Louisiana.
It is also undisputed that no attempt was made to serve Mr. Franklin. At trial and in his brief and argument to this Court, appellant states that service was directed to “any director, officer or employee of suitable age” at SIM’s corporate address in Gonzales, Louisiana because the information received by appellant from the Secretary of State’s office indicated that SIM did *1050 not have a registered agent for service of process.
Appellant argues that he was entitled to rely on the information obtained from the Secretary of State’s office and that he was therefore entitled to use the alternative forms of service of process expressed in LSA-C.C.P. art. 1261 B. We disagree. Before using an alternative form of service on a corporation, a plaintiff must first make a diligent effort to serve a corporation’s registered agent for service of process. Scott Fence Industries, Inc. v. Neuenhaus, 490 So.2d 1132 (La.App. 5th Cir.1986).
LSA-C.C.P. art. 1261 dictates that service of process on a domestic corporation is authorized through any officer, director, resident agent, or employee of suitable age and discretion, only where: (1) the corporation has failed to designate an agent for service of process, or (2) there is no agent for service of process by reason of death, resignation or removal. Absent these circumstances, service of process must be made on the registered agent.
The record reflects that Brooks never attempted service on Mr. Franklin, the corporation’s registered agent for service of process. Because there was in fact a registered agent, service on the corporation through Mr. Baldwin was improper. When service cannot be made for one of the reasons listed in C.C.P. art. 1261, because the corporation did not designate a registered agent, or because the agent has died, resigned or been removed, then and only then may plaintiff employ the alternate method of serving an officer, director, or employee of the corporation. See Scott Fence Industries, Inc., 490 So.2d at 1134; Colonial Buick, Inc. v. Crescent Chemical Sales, Inc., 240 So.2d 567 (La.App. 4th Cir.1970).
Appellant also argues that service was proper because the corporation actually received the lawsuit from SIM’s vice-president and had actual notice and opportunity to respond. Appellant claims that while Mr. Franklin was designated to receive service of process for the corporation, Mr. Baldwin was the person actually responsible for processing and handling lawsuits on behalf of the corporation. While we sympathize with appellant’s dilemma, we cannot conclude that service was proper in this case. As the trial court properly recognized, both article 1261 and the jurisprudence demand strict compliance with the provisions for personal service on a designated registered agent, and any error or failure on the part of the office of the Secretary of State cannot affect a corporation’s rights or be utilized to circumvent service requirements.
Nor do we find merit in appellant’s argument that since citation and service were delivered to Mr. Baldwin, who later showed or discussed the lawsuit with Mr. Franklin, a “tender” was made and service properly effected pursuant to LSA-C.C.P. art. 1232.
LSA-C.C.P. art. 1232 provides that “[pjersonal service is made when a proper officer tenders the citation or other process to the person to be served.” This article merely addresses the manner of delivery to be made in a situation where a person physically or actually refuses to accept citation and service. The article does not address or resolve the issue of the person upon whom service must be made.
LSA-C.C.P. art. 2002 clearly states that a judgment may be annulled where service was not made as required by law. Service of process directed to a corporate defendant and made on one other than the person authorized to accept service is illegal and without effect. Such service is tantamount to no service. Conner v. Continental Southern Lines, Incorporated, 294 So.2d 485 (La.1974).
We find that the prior judgments were rendered against a defendant who was improperly served. Accordingly, we affirm the judgment rendered by the trial court on September 27, 1990, annulling the original and amended judgments. The case is remanded to the trial court for further proceedings. All costs of this appeal are to be paid by appellant, Charles E. Brooks.
AFFIRMED AND REMANDED.
EDWARDS, J., dissents and assigns reasons.

. The correct name of this defendant is Specialized Industrial Maintenance, Inc., as indicated in its petition to annul.

. The filing of the motion and order for appeal did not divest the trial court of jurisdiction to hear the petition to annul. See LSA-C.C.P. art. 2005.

. The trial court did not address SIM’s contention that the judgments should be annulled on the basis of fraud and ill practices, as the trial court annulled the judgments based on improper service of process. Because we likewise find that service on SIM was improper and constitutes grounds for annulment of the prior default judgments, we pretermit SIM’s claim that the judgments were obtained through fraud and ill practices.

.The appellant also requests that this court "review the entire record of the proceedings in the above captioned action for any and all error patent therein.” However, we decline to review any issue not designated in a specification or assignment of error. See Uniform Rules, Courts of Appeal, Rule 1-3.