560 So.2d 653 (1990)
DASH BUILDING MATERIALS CENTER, INC., et al.
v.
T.R. HENNING, a/k/a Timothy R. Henning, et al.
No. 89-CA-1362.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
Jules J. Mumme, III, New Orleans, for plaintiffs/appellees.
Jack A. Ricci, Baldwin & Haspel, New Orleans, for defendants/appellants.
Before LOBRANO, ARMSTRONG and PRESTON H. HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
Dash Building Materials Center, Inc., (Dash), instituted suit against Timothy R. Henning to collect the balance due on purchases made in the sum of $12,578.46. The petition alleges that the defendant/appellant, Timothy Henning, signed a guaranty agreement in February of 1980 when he completed an application for credit with the plaintiff. The credit application was made in the name of the corporate account. T.R. Henning, Inc. and was guaranteed personally by Timmothy Hennings. It is the plaintiff/appellee's position that this guaranty agreement renders the defendant liable for the sum in question.
The appellant contends that the guaranty was applicable only to the account of T.R. Henning, Inc. and the disputed purchases were made by Henning Construction, Inc., Henning Construction, Inc. was an entity owned and operated by Timothy Henning, his father and brother. It is now in bankruptcy proceedings. T.R. Hennings, Inc. has allegedly been dormant since 1983. The appellant testified that he notified *654 Dash of this change in corporate status and that Dash was aware it was selling and extending credit to Henning Construction, Inc.
The invoices for the purchased goods were made in the name of T.R. Henning, Inc. The appellee asserts that it was unaware of any change in the defendant's corporate status. Dash officer Michael Diecidue testified that had the company been aware of such a change, it would have required the appellant to sign another guaranty covering the new corporation before any credcit would have been extended in accordance with company policy.
The trial court found that the materials were purchased by T.R. Hennings, Inc. as shown on the invoices and guaranteed by Timothy Hennings. The trial judge in oral reasons for judgment stated that he did not believe that notice was given to Dash and, that the defendant was aware he was being billed as T.R. Henning, Inc.
The appellant argues that the trial court erred in failing to find that the defendant gave sufficient notice regarding the change of companies and that, based upon a preponderance of evidence, the plaintiff knew or should have known it was selling to Henning Construction, Inc., a company for which T.R. Henning did not guarantee the debt. We do not agree with the appellant's argument.
In order to avoid personal liability to a third person, it is the agent's burden to prove that he contracted as an agent, rather than as an individual, by notifying the third party of his agency relationship, including the principal's identity. Meisel v. Natal Homes, Inc., 447 So.2d 511 (La.App. 4th Cir.1984). Duckworth-Woods Tire Service, Inc. v. Smith & Johnson (Shipping), Inc. 430 So.2d 207 (La.App. 4th Cir. 1983). In the case at hand, the only evidence presented by the appellant was the testimony of his brother, Mark Henning, and himself. The appellant testified that no written notice was ever sent. As previously stated, the trial judge specifically discounted this testimony and stated that it was his view that notice was not given. It is our view that the trial courts is in the best position to determine the credibility of witnesses. Furthermore, this court may not set aside this finding of fact unless it can be seen as manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Defendant argues that because Dash accepted checks drawn on the account of Henning Construction, Inc. it should have been aware of the corporate change. This factual circumstance will not serve to classify the trial court's judgement as manifestly erroneous. See the analogous case of Pesson v. Kleckley, 526 So.2d 1220 (La. App. 3rd Cir.1988), where the acceptance of checks written on a corporation's account was not sufficient to prove constructive notice of an individual's agency status. There was testimony presented by an officer of Dash to the effect that no attention was given to the payee of an account. Rather, it was the name on the invoice that determined who was responsible for the purchase. The appellant presented no evidence to contradict this stated company policy.
We find no manifest error in the judgment rendered by the trial court and the judgment is affirmed.
AFFIRMED.