LANDRIEU, Judge.
We are asked to determine whether the trial court erred in nullifying a judgment rendered against Henry W. Hoffman d/b/a Southern Radiator.
On December 21, 1987, and January 18, 1988, Hoffman purchased from Federated Fry Metals (FFM) $3,871.76 worth of merchandise. When Hoffman failed to pay for the merchandise, FFM sent a demand letter dated September 10, 1990, to “Southern Radiator”, stating that legal action would be taken if payment was not received.
Payment was not received and on November 29, 1990, FFM filed a petition on open account against “Henry W. Hoffman d/b/a Southern Radiator.” FFM’s petition alleged that FFM sold merchandise to Henry W. Hoffman d/b/a Southern Radiator on open account, and that defendant had failed to pay for the merchandise despite amicable demand. The petition prayed for $3,871.76 on the past due account, plus legal interest, 25% attorney’s fees, and costs. Affixed to FFM’s petition was a statement of account showing purchases by “Southern Radiator” totaling $3,871.76 and the demand letter of September 10, 1990.
|2On December 3, 1990, citation directed to “Henry W. Hoffman d/b/a Southern Radiator” was served personally on Hoffman. *1251 Hoffman failed to answer, and on March 4, 1991, a default judgment was taken against “Henry W. Hoffman d/b/a Southern Radiator,” granting all relief prayed for in FFM’s petition.
Arguing that the default judgment of March 4, 1991, was null and void because it had been obtained against “Henry W. Hoffman d/b/a Southern Radiator,” rather than against Southern Radiator Supply Co., Inc. (SRSCI), the corporation which purchased the merchandise in question, Hoffman filed a petition for nullity of judgment on June 23, 1992. The petition averred that service should have been made (1) on SRSCI’s agent for service of process, and (2) on Robert Hoffman, the administrator of the estate of Henry Hoffman’s deceased wife, Chieko K. Hoffman (Mrs. Hoffman), because Mrs. Hoffman owned half of the shares of SRSCI stock at the time of her death. Hoffman’s petition further alleged that FFM was aware that SRSCI was a corporate entity, and that Hoffman did not discover FFM’s ill practice until August 8, 1991.
At trial, counsel for both parties made a brief appearance, but no witnesses were called to testify. Counsel for Hoffman introduced the articles of incorporation of SRSCI which revealed the following:
1. Henry W. Hoffman, Jr. and Chieko K. Hoffman formed SRSCI as a Louisiana corporation on or about February 26,1979.
2. Henry W. Hofftnan, Jr. owned half of the outstanding shares of SRSCI stock, and Mrs. Hofftnan owned the other half.
3. SRSCI’s board of directors was composed solely of Mr. and Mrs. Hoffman.
jjAttached to the articles of incorporation was the “Initial Report” of SRSCI, dated February 26, 1979. The Report listed SRSCI’s place of business as 3513 Tchoupi-toulas Street, New Orleans, the same place where Hoffman was served. In addition, the report listed Falvey J. Fox as SRSCI’s agent for service of process.
Hofftnan also introduced Letters Testamentary, dated January 5, 1988, showing that Robert Henry Hoffman and Darlene Hoffman Rost had been appointed executors in the Succession of Mrs. Hoffman.
FFM introduced a certificate from the Louisiana Secretary of State, dated February 17, 1993, showing that SRSCI’s corporate status was revoked November 19, 1990, for failure to file required annual reports. FFM also introduced the deposition of Thomas J. Aleman (Aleman), credit manager for FFM, in lieu of his testimony.
Counsel for Hofftnan argued that service was improper because it was not made on SRSCI’s registered agent for service of process, Yal Dupotts. Counsel further stated that the stock of SRSCI was an asset of the estate proceeding at the time FFM filed suit, and that FFM failed to serve the Executor of the estate, Robert Hoffman. Counsel additionally argued that FFM’s petition showed that FFM knew of the existence of the company, Southern Radiator, and that FFM neglected its responsibility to determine whether that company was a corporation.
Counsel for FFM argued that FFM believed Hoffman was operating as sole proprietor of Southern Radiator. He pointed out that Aleman’s deposition showed that Southern Radiator’s account with FFM was not set up as a corporate account and that Aleman was unaware that Southern Radiator was a corporation. Counsel additionally cited Dash Bldg. Materials Center v. Henning, 560 So.2d 653 (La.App. 4th Cir.1990), for the proposition that uHofftnan bore the burden of proving that he contracted as agent on behalf of SRSCI, and that receipt of checks in the name of a corporation is not sufficient to meet that burden.
Judgment was rendered on the day of trial, granting Hoffman’s petition to annul the default judgment rendered against “Henry W. Hoffman d/b/a Southern Radiator.” In its reasons for judgment, the trial court stated:
The Court is of the opinion that the service on the corporation, Southern Radiator Supply Company, Inc., was inadequate and the Judgment against Southern Radiator Company, Inc., was therefore vacated.
Arguing that Hoffman was properly served with process, and that the default judgment against Hoffman was valid because Hoffman failed to meet his burden of proving that he *1252 informed FFM that he was acting as agent for SRSCI, FFM now appeals. We reverse.
The basis for Hoffman’s petition for nullity is La.Code Civ.Proc.Ann. art. 2002(2) (West 1990), which provides, in pertinent part, that:
A final judgment shall be annulled if it is rendered:
******
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
There is no question that when a plaintiff attempts to serve a corporation, but fails to perfect service on the corporation’s duly appointed agent for service of process, a judgment rendered against the corporation is subject to nullity under Article 2002(2). Brooks v. Terry, 608 So.2d 1047 (La.App. 1st Cir.), writ denied, 609 So.2d 829 (La.1992); Rouyer v. Blue Cross of Louisiana, Inc., 447 So.2d 1223 (La.App. 6th Cir.1984); La.Code Civ.Proc.Ann. art. 1261 (West Supp.1994). However, that is not the issue presented here, and therefore, Article 2002(2) is not applicable. FFM made no attempt |5to sue or serve SRSCI. FFM sued and served “Henry W. Hoffman d/b/a Southern Radiator.” After Hoffman was served with process, he failed to answer and a judgment of default was taken against him. If Hoffman intended to challenge FFM’s suit against him, he could have filed an exception or an answer to the petition. He did nothing. See Dash Bldg. Materials Center, 560 So.2d at 663. Having failed to assert a timely defense in the suit against him, Hoffman cannot now nullify a properly taken default judgment by asserting that the debt was not his, but that of SRSCI.
Hoffman additionally alleged both in his petition and at trial that FFM was aware of SRSCI’s corporate status. This allegation, if proven, would serve as grounds for nullity under La.Code Civ.Proc.Ann. art. 2004 (West 1990), which provides that a judgment obtained by fraud or ill practices may be annulled. We conclude that Hoffman did not meet his burden on this issue. Other than counsel for Hoffman’s argument at trial that FFM knew Southern Radiator was a company, and should have inquired as to whether the company had corporate status, Hoffman introduced no evidence of fraud or ill practices. In contrast, FFM introduced the deposition of Aleman, which stands as uncontested proof that FFM was unaware of Southern Radiator’s corporate status, and therefore did not engage in fraud or ill practices.
Moreover, Article 2004 provides that an action to annul for fraud or ill practices must be brought within one year of discovery of the alleged fraud or ill practice. Hoffman’s petition for nullity was filed June 23, 1992, more than one year after he was served with process (December 3, 1990), and more than one year after default was taken against him (March 4, 1991). Although Hoffman alleges in his petition for nullity that he did not discover that judgment had been taken against him individually until August 8, 1991, this unsubstantiated allegation is insufficient to overcome the presumption that I fiHoffman’s petition to annul for fraud or ill practices under Article 2004 was untimely.
For the foregoing reasons, the judgment of the trial court is reversed. The judgment of default in favor of FFM and against Henry W. Hoffman d/b/a Southern Radiator is reinstated.
REVERSED AND RENDERED.
WALTZER, J., concurs with written reasons.